By the Court.

The demandants, having established their title as heirs at law of the deceased, are entitled to judgment, unless the tenant has shown a good title in himself.
The title of the tenant is under a sale by him, as administrator of the deceased, by virtue of an order of the Court of Common Pleas for this county, founded upon a certificate of the judge of *478 probate for the same county. Sundry exceptions have been taken by the demandants to the title thus set up by the tenant.
It was objected, first, that the intestates were, at the time of their decease, inhabitants of the county of Middlesex, and therefore that administration ought to have been taken out there; and it is our opinion that, where a deceased person was, at the time of his or her death, an inhabitant of this state, the power of granting administration appertains exclusively to the judge of probate of that county in which the deceased dwelt. The doings of any other judge of probate in the case are merely void. In this case, it is found that Sarah and Silence Elliot, many years before their decease, removed from Boston, and continued until their respective deaths to live in Natick, in the county of Middlesex. They there made, with their brother, one family. Natick was their permanent and fixed residence. This was very different from their having been placed at board there by a guardian, or from the case of a scholar residing from home for his education. The proceedings in the Probate Court of Suffolk must, therefore, be considered a nullity.
This objection being fatal to the title set up by the tenant, there is no necessity of giving an opinion upon the other objections made to it. The verdict is set aside, and a new trial granted, (a)

 [Holyoke vs. Haskins, 5 Pick. Rep. 20 ; and see President and Fellows of Harvard College vs. Gore, 5 Pick. — Was not the place of the residence of the deceased a matter to be determined by the Court of Probate ? And if that court found their residence to be in Boston, and no appeal was made from that decision, was not the decree final and conclusive as to that matter of fact ? And how could the question, as to the place of their residence, be, afterwards, properly raised, in order to show that the court had no jurisdiction ? The court had cognizance of this matter, on which its jurisdiction depended, and if by the record it did appear, that the facts were such as to give the Court jurisdiction, why should its proceedings, and all bond fide sales and transactions founded thereon, be set aside and annulled ? —Ed.]