THE JEFFERSONVILLE RAILROAD COMPANY *v.* SWAYNE'S ADMINISTRATOR.

LETTERS OF ADMINISTRATION.—REVOCATION OF.—A railroad company against whom an action is being prosecuted by an administrator to recover damages for an injury causing the death of the intestate, has such an interest as to make it a competent party to petition the court for a revocation of the letters of administration. Page 480.

SAME.— *Quære,* whether the statute which provides that where, in a suit by an administrator, the authority of the administrator is denied under oath, a duly authenticated copy of his letters of administration "shall be all the evidence necessary to establish such right," should be construed to mean that such evidence is conclusive. Page 481.

SAME.—It seems that when letters of administration are issued in a county where the granting of them is not authorized by statute, the court in which they are issued may, upon its own motion, institute proceedings to set them aside, or it may be done by any one interested in anywise in the estate, or on the suggestion of an *amicus curiæ.* Page 482.

JURISDICTION.—LETTERS OF ADMINISTRATION.—The jurisdiction of the court to grant letters of administration is derived from the statute, and can only be exercised in the cases provided for thereby. Page 483.

SAME.—Where the intestate was not an inhabitant of this State at the time of his death and left no assets in the State, and none come into it afterwards, no jurisdiction is conferred on the court to grant letters of admin-

istration in any county of the State, and such letters, if granted, are *coram non judice* and void. Page 483.

SAME.—ASSETS.—The term "assets," as used in the third and fourth clauses of section seven of the act relating to the settlement of decedents' estates, (2 G. & H., 485,) means assets of the intestate; that is, property, rights or choses in action held by, or belonging to, the intestate at the time of his death, and which are subject to be applied by the administrator to the payment of debts. Page 483.

SAME.—ACTION FOR CAUSING DEATH.—A claim for damages for causing the death of a party, under section 784 of the code, is prosecuted by the administrator for the benefit of the widow and children, or next of kin, of the deceased, and is not assets of the deceased within the meaning of the statute authorizing the granting of letters of administration in this State. Page 485.

APPEAL from the *Marion* Common Pleas.

ELLIOTT, J.—The appellant filed a petition in the *Marion* Common Pleas, praying that the letters of administration granted by the clerk of said court to *John A. Beal*, the appellee, on the estate of *Isaac L. Swayne*, deceased, might be revoked and set aside. The court sustained a demurrer to the petition, and rendered a final judgment against the appellant for costs. The appellant excepted, and appeals to this court.

The material allegations of the petition are as follows: That the appellant is a corporation duly organized under the laws of the State of *Indiana*, with power to construct, equip, use and own a railroad, extending from the city of *Jeffersonville* through the counties of *Clark, Scott, Jackson, Bartholomew* and *Johnson*, to the city of *Indianapolis, Marion* county, in said State; that under the authority of its charter, the said *Railroad Company* constructed and equipped a railroad from the city of *Jeffersonville* to the town of *Edinburgh, Johnson* county, and still owns and uses the same between said points; that between the town of *Edinburgh* and the city of *Indianapolis*, said company runs her locomotives and trains upon and over the road and track of the *Indianapolis and Madison Railroad Company*, under and by virtue of a contract with the latter company, by which the appellant pays said *Indianapolis and Madison Railroad Company* a

specific sum per mile for the distance run on the road of the latter between *Edinburgh* and *Indianapolis*, by each locomotive and car of the appellant; that the principal office of said *Jeffersonville Railroad Company* is, and has been, situated at the city of *Jeffersonville*; that on the — day of ——, 1864, the said *Isaac L. Swayne* was a passenger on one of the appellant's trains, from the town of *Seymour*, *Jackson* county, to the city of *Jeffersonville;* that an accident occurred to said train while passing over the appellant's road, in the county of *Clark*, which the appellant claims was unavoidable, causing an injury to said *Swayne*, from which he afterwards died in said county of *Clark*, and that he continued in said county from the time of the injury until his death. It is also alleged that said *Swayne* was neither a resident nor an inhabitant of the State of *Indiana*, but was a resident and inhabitant of the State of *Pennsylvania*, at the time of his death, and was merely a passenger through the State of *Indiana*, on the appellant's road, from the town of *Seymour* to the city of *Jeffersonville*, for some point south of the *Ohio* river; that he died intestate, leaving no property, real or personal, nor any right of action in the State of *Indiana*, or in any county thereof, to be administered, nor has any personal property or right of action of his come into said State, or any county thereof, since his death, unless there exists some liability for damages against the appellant for the injuries occasioning his death, which the appellant denies; that on the 8th day of *February*, 1865, said *John A. Beal* filed his affidavit with the clerk of said Marion Court of Common Pleas, in which he stated that said *Swayne* departed this life at said county of *Marion*, on the 4th day of *April*, 1864, and that he had no personal property to be administered, except "a claim for unliquidated damages against *The Jeffersonville Railroad Company*, for causing his death;" that said *Beal* thereupon filed a bond in the penalty of $1,000, conditioned for the faithful discharge of his duties as administrator of the estate of said *Swayne*, and procured letters of administration to be issued to him. It is

further alleged that afterwards, on the 2d day of *March*, 1865, said *Beal* instituted an action in the *Marion* Circuit Court, to recover damages against the appellant for causing the death of said *Swayne*, which is still pending in said court. For the reasons stated, it is alleged that the letters of administration so granted to *Beal* are void; that neither the clerk, nor the Court of Common Pleas of *Marion* county, had any jurisdiction over the subject, or power to issue said letters; that they were procured to be issued on the affidavit of said *Beal*, the allegations of which are untrue, so far as they differ from the allegations of the petition. Prayer that the letters be canceled, and that *Beal* be removed, &c.

Before examining the question as to whether the letters of administration were, or were not, properly issued to *Beal*, under the state of facts alleged in the petition, it is proper that an objection urged by the appellee to the right of the appellant to claim their revocation, although illegally issued, should be first disposed of.

The appellee insists that it is not shown that the railroad company has any interest in the damages that might be recovered against it in the suit by *Beal* for causing the death of *Swayne*, nor in the proper administration of the estate of the latter, and therefore cannot be permitted to present to the court the question of the legality of the grant of the letters of administration. It is true that the railroad company would not be a recipient of any portion of the damages that might be recovered against it for causing *Swayne's* death, yet it has a direct legal interest in the event of that suit, not as the claimant of the damages, but as the defendant against whom they are sought to be recovered. It is shown by the petition, and also by the affidavit of *Beal*, that the only object in procuring the letters of administration was the recovery of damages against the railroad company for causing *Swayne's* death, by the prosecution of a suit or otherwise. Upon the institution of such a suit by *Beal*, claiming to be the legal representative of *Swayne*, it was the undoubted right of the railroad company to inquire

into the authority upon which he acted. If the letters of administration were illegally granted to *Beal*, and, as the appellant insists, were for that reason *coram non judice* and void, they could not confer on him the power to prosecute such a suit, and a recovery by him would be no bar to a subsequent suit by a legal administrator upon the same cause of action. *Cutts* v. *Haskins*, 9 Mass. 543; *Holyoke* v. *Haskins*, 9 Pick. 259; *Wright* v. *Beck*, 10 Smedes & M. 277. But it is contended by the appellee, that if the letters of administration to *Beal* are void for the reasons urged by the appellant, that fact could be set up in defense of the suit instituted against the appellant in the *Marion* Circuit Court, and that these proceedings to set them aside are therefore unnecessary, and should not be entertained. That such a defense might be made available in that action could not, perhaps, be successfully controverted, unless it would be defeated by a provision of the statute, declaring that in a suit by an executor or administrator it shall not be necessary "to make profert of his letters, nor shall his right to sue as such executor or administrator be questioned, unless the opposite party shall file a plea denying such right, with his affidavit to the truth thereof thereunto attached; in which case a copy of the letters issued to such executor or administrator, duly authenticated, shall be all the evidence necessary to establish such right." The objection urged to the validity of the letters in this case would not appear on their face, and if the statute in declaring that a duly authenticated copy of the letters "shall be all the evidence necessary to establish such right," is to be construed to mean that such evidence is to be conclusive of the right, then the defense would fail. But we do not decide that question, as we do not regard it important to the decision of the main question under consideration. If the letters, for the reasons urged, were illegally issued, and should be revoked or set aside, we think the facts stated in the petition show such an interest in the railroad company as to authorize it to present the question to the court.

It is insisted by the appellant that, under the facts alleged, no letters of administration could legally issue on *Swayne's* estate in any county in this State. This position, if true, presents another reason why the appellant has a legal interest in the question presented. An administrator appointed in this State is not personally liable for costs, and here it is shown that there is no property or assets of *Swayne* in the hands of *Beal* out of which the costs could be collected, if he should be defeated in the suit against the appellant; but if the suit were instituted by an administrator appointed in *Pennsylvania*, where it is alleged *Swayne* resided at the time of his death, he would be required, as a foreign administrator, to give bond for costs. But, independent of this, it seems that where letters of administration are issued in a county where they are not authorized by statute, the court in which they are issued may, upon its own motion, institute proceedings to set them aside, or it may be done by any one interested in anywise in the estate, or on the suggestion of an *amicus curiæ.* *County Court, &c.,* v. *Bissell,* 2 Jones' Law, (N. C.,) 387; *Gasque* v. *Moody,* 12 Smedes & M., 153; *Wright* v. *Beck,* 10 *id.* 277.

It is insisted by the appellant that the court erred in sustaining the demurrer to the petition, for the reason that it appears therein that *Swayne* was not an inhabitant of this State, and did not leave any assets therein, nor did any such assets of his afterwards come into the State to be administered; that the grant of the letters to *Beal* was therefore without authority of law, and void. This is a question of jurisdiction of the court in which the letters were granted, over the subject.

The statute confers on the Court of Common Pleas original and exclusive jurisdiction in all matters relating to the "granting of letters testamentary, of administration and of guardianship." 2 G. & H., § 4, p. 20.

Section seven of the act relating to the settlement of decedents estates, provides for the granting of letters of admin-

istration by the clerk, or court having jurisdiction; and the next succeeding section is as follows:

"Sec. 8. Such letters shall be granted in the county,

1. Where, at his death, the intestate was an inhabitant:

2. Where, not being an inhabitant of this State, he leaves assets:

3. Where, not being an inhabitant, and dying out of the State, he leaves assets:

4. Where, not being an inhabitant, he dies out of the State, not leaving assets in any county thereof, but assets of such intestate shall afterwards come into it:

5. But where, not being an inhabitant, he shall die out of the State, leaving assets in several counties, or assets of such intestate shall after his death come into several counties, letters may be granted in any one of the counties in which such assets may be, at the time of his death, or into which they may come thereafter; and the administration first lawfully granted shall extend to all the estate of the intestate, and exclude the jurisdiction of administration in the same estate in all other counties." 2 G. & H., 486.

The jurisdiction of the court over the subject is derived from these provisions of the statute, and can only be exercised under the circumstances and in the cases provided for thereby; and where the intestate is not an inhabitant of this State at the time of his death, and leaves no assets in the State, and none come into it afterward, no jurisdiction is conferred on the court, in any county of the State, to grant letters of administration on the estate of such intestate, and the grant of letters under such circumstances is *coram non judice* and void. See authorities *supra*, and also *Longworthy* v. *Baker*, 23 Ill., 484; *McChord* v. *Fisher's Heirs*, 13 Ben. Mon., 193; *Flinn* v. *Chase*, 4 Denio, 85.

This presents for our determination the question, is the claim for damages against the railroad company for causing the death of *Swayne*, assets of his or of his estate, within the meaning of the statute? The term "assets," as used in the third and fourth clauses of the section of the

statute last cited, evidently means assets of the intestate, that is, property, rights, or choses in action held by, or belonging to, the intestate at the time of his death, and which, as a part of his estate, his administrator, as his legal representative, is entitled to in the due administration of the estate, for the payment of debts.    See Bouvier's Law Dic., title " assets;" Toller on Exrs. 137 ; Williams on Exrs. 1496.

The right of action referred to against the appellant, for causing the death of *Swayne*, did not exist at common law, but is based upon section 784, of the code, which provides that, " When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years.    The damages cannot exceed $5,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."    That a cause of action for an injury to the person dies with the party injured, and does not survive to his personal representative, is a maxim of the common law, too familiar and long established to require the citation of authority to support it.    The statute does not profess to revive the cause of action for the injury to the deceased in favor of his personal representative, nor is such its legal effect, but it creates a new cause of action, unknown to the common law.

The action given by the statute is for causing the death, by a wrongful act or omission, in a case where the deceased might have maintained an action had he lived, for an injury by the same act or omission.    The right of compensation for the bodily injury of the deceased, which died with him, remains extinct.    The right of action created by the statute is founded on a new grievance, namely, causing the death, and is for the injury sustained thereby, by the widow and children, or next of kin of the deceased, for the damages

must inure to their exclusive benefit. They are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. The relation of the administrator to the fund when recovered, is not that of the representative of the deceased, but of a trustee for the benefit of the widow and next of kin. The action is for their exclusive benefit, and if no such person existed, it could not be maintained. *The Indianapolis, &c., R. R. Co.* v. *Keeley's Adm'r.*, 23 Ind. 133; *Lucus* v. *The New York, &c. R. R. Co.*, 21 Barb. 245; *The Chicago, &c., R. R. Co.* v. *Morris*, 26 Ill. 400; *The State* v. *Gilmore*, 4 Foster 461; *Lyons' Adm'r* v. *Cleveland, &c., R. R. Co.*, 7 Ohio St. 336; *The Commonwealth* v. *The Eastern R. R. Co.*, 5 Gray., 473.

In *Whitford* v. *The Panama R. R. Co.*, 23 N. Y. 465, it was held, under a statute substantially the same as ours, that the compensation for the bodily injury remains extinct, but a new grievance, of a distinct nature, namely, "the deprivation suffered by the wife and children, or other relatives, of their natural support and protection, arises upon his death, and is made by the statute the subject of a new cause of action in favor of these surviving relatives; but to be prosecuted, in point of form, by the executor or administrator." It was also held that the reference in the statute of that State, of which ours, in that particular, is a copy, "to the ability of the deceased to maintain the action if death had not ensued, is inserted solely for the purpose of defining the kind and degree of delinquency with which the defendant must be chargeable, in order to subject him to the action. The act, neglect or default must be such as would, if death had not ensued, have entitled the party injured to maintain an action," &c. See, also, *Woodward* v. *Michigan, &c., R. R. Co.*, 10 Ohio St. 121.

The amount of damages to be recovered in such a suit is limited, both by the statutes of *New York* and of this State, to $5,000, but there is a difference in the language of the two statutes in this respect. The *New York* statute declares "the sum recovered to be for the exclusive benefit of

the widow and next of kin," and that "the jury may give such damages as they shall deem a fair and just compensation, not exceeding $5,000, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of the deceased person;" while the statute of this State, as we have seen, provides that "the damages cannot exceed $5,000, and must inure to the exclusive benefit of the widow and children, or next of kin." This, however, is but a difference in form, and not in substance. Our statute creates a new cause of action for the exclusive benefit of the widow and children, or next of kin, not for the injury to the deceased, for which, had he lived, he might have sustained an action, but for causing his death, and thereby depriving those entitled thereto of his society and support, and it follows, as a legal consequence, that the damages assessed must be based on the injuries resulting from such death to the wife and children, or next of kin, for whose benefit the right of action is given.

A somewhat different view of the statute seems to have been taken in *Long* v. *Morrison*, 14 Ind. 595. And in *The Indianapolis, &c., R. R.* v. *Keeley's Adm'r*, 23 Ind, 133, in referring to the rule of damages under the *New York* statute, and to *Long* v. *Morrison, supra*, it is said: "A different rule seems to prevail under our statute." But the basis of the damages was not the point then under discussion.

Upon a careful examination of the statute, and of the decisions of other states under statutes substantially the same, we are satisfied that the construction we have here given to it is the only consistent and correct one, and that the right of action created by it does not constitute assets of the deceased, within the provisions of the eighth section of the act relating to the settlement of decedents' estates. From the foregoing conclusions it follows that, under the facts alleged in the petition, administration upon the estate of *Swayne* could not be legally granted in this State, and that the court below erred in sustaining the demurrer.

It is also insisted by the appellant's counsel that, even if

the claim against the railroad company did constitute assets under the statute, still, as *Swayne* was not an inhabitant of this State, and did not die in *Marion* county, and as the said *Jeffersonville* railroad did not extend through or into said county, the claim was not assets left in that county, and that the letters of administration granted there are void. We have not examined this question, as its decision is rendered unnecessary by the conclusion reached on the other question.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to overrule the demurrer to the petition, and for further proceedings.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellant.

*M. M. Ray, J. W. Gordon, W. March* and *J. A. Beal,* for appellee.