### C. H. COOPER, ADMINISTRATOR, v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided February 10, 1906.

**1.—Administration—Jurisdiction.**

Administration was granted in this State for the sole purpose of prosecuting a suit in this State against the appellee for damages, arising under the laws of the Indian Territory, for personal injuries to, and the death of, ·the decedent; said injuries were inflicted in the Indian Territory; ·the decedent resided with his family in Oklahoma Territory and died there; his family resided then, and at the time said administration was granted,. in Oklahoma Territory; he had no kin in this State; he left no property of any kind in .this State to be administered, nor has any property of his come into this State since his death, unless the claims for damages be considered property and assets of his estate. Held, the granting of letters of administration upon the estate of said decedent was *coram non judice* and void.

**2.—Same—Contestant—Interest in Estate.**

The appellee having been sued by the appellant in his capacity of administrator had the right to inquire into the authority upon which he acted.

Appeal from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*K. R. Craig,* for appellant.—On the proposition that appellee had no such interest as entitled it to contest the administration: Angier v. Jones, 67 S. W. Rep., 451.

That only a party at interest can appeal a case: Smith v. Gerlach, 2 Texas, 426; Wood v. Yarbrough, 41 Texas, 542; Coupland v. Tullar, 21 Texas, 525.

That the court should have set aside the judgment and submission for the purpose of hearing the motion to dismiss: Simpson v. Foster, 46 Texas, 621;. Williams v. Randon, 10 Texas, 77; Kelly v. Kelly, 23 Texas, 439; Taylor v. Fore, 42 Texas, 258; McMurray v. McMurray, 67 Texas, 669.

The County Court is a court of general and exclusive original jurisdiction in probate matters.

The District Court has no original jurisdiction in probate matters. Its jurisdiction being only appellate, it can not act except upon an appeal of a party at interest. The appeal of a stranger to the estate can not operate to oust the County Court of jurisdiction and give the District Court jurisdiction over an estate.

That jurisdiction of County Court is general in probate matters. Green v. Rugely, 23 Texas, 539; Guilford v. Love, 49 Texas, 740; Neal v. Bartleson, 65 Texas, 484; Constitution of 1876, art. 5, sec. 16.

That District Court has no original jurisdiction in probate matters. Rogers v. Kennard, 54 Texas, 30; Franks v. Chapman, 60 Texas, 46; Heath v. Layne, 62 Texas, 686.

The estate having a claim against appellee, a citizen of Texas, which claim, by the law under which it arose, could be recovered only by an administrator, it was necessary that an administrator be appointed by some County Court in Texas. Furthermore, there being an administrator of the estate appointed at the domicile of deceased, the widow and children could not sue in their own right for their damages occasioned by the death of Fred. P. Bishop, or at any rate their right to so sue being doubtful, it was necessary, or at least proper, that an administrator be appointed in Texas for that purpose.

The existence of the claim was sufficient to give the court jurisdiction.

The County Court of Dallas County having taken jurisdiction of the estate, and no other County Court having a preference right thereto, and no other County Court having asserted any preference right and no proceeding having been instituted in any other County Court, the action of the County Court of Dallas County is valid. Houston & T. C. Ry. Co. v. Hook, 60 Texas, 408, citing Hartford R. R. Co. v. Andrews, 36 Conn., 213; Green v. Rugely, 23 Texas, 539; Lewis v. Ames, 44 Texas, 335; Neal v. Bartleson, 65 Texas, 484; 8 Am. & Eng. Ency. L., 426 (1st ed.); 13 Am. & Eng. Ency. L. (2d ed.), 926, citing Missouri Pac. Ry. v. Bradley, 51 Neb., 596, 71 N. W., 283, which, in turn, cites, with approval to same effect, Missouri Pac. Ry. v. Lewis, 24 Neb., 848, 40 N. W., 401, 2 L. R. A., 71; 2 Parsons Cont. (8th ed.), 702, quoted and approved in Pennsylvania L. M. F. Ins. Co. v. Meyer, 197 U. S., 407.

*Alexander & Thompson* and *J. W. Terry,* for appellee.—The sole purpose of this administration was to appoint an administrator to institute a damage suit against the appellee in behalf of nonresidents of the State, without any authority or any right whatsoever being shown to sustain the administration, and it was the right of appellant to seek to vacate the administration proceedings and orders directing suit against appellant by a direct proceeding, as was done, and to show, as was done, that there was no estate of Fred P. Bishop in Texas; that there was no property, and no fact whatever authorizing the Probate Court to assume jurisdiction of the subject matter and same could not be questioned by motion to dismiss. Rev. Stats., arts. 1888 (1835); 1841 (1790); 1927 (1874); 2255 (2200); 1842, 1843; Jefferson Ry. v. Swayne's Admr., 26 Ind., 478; Davenport v. Henry, 30 Texas, 326; Phelps v. Ashton, 30 Texas, 344; Kelly v. Settegast, 68 Texas, 16.

The trial of a direct contest originating in the County Court was de novo in the District Court, and it being brought to the attention of the District Court that the administration was void or voidable for want of jurisdiction, the judgment rendered was a proper one to be entered. Texas & Pacific Ry. v. Johnson, 89 Texas, 519; Cannon

v. Cannon, 66 Texas, 685; Freiberg v. Johnson, 71 Texas, 5(±; Tudor v. Hodgers, 71 Texas, 395; Marsalis v. Thomas, 35 S. W. Rep., 797.

It was an interested party in the administration proceedings in the County Court of Dallas County, in that it was the sole object of the attack in the administration proceedings, and it was the right of appellee, by direct attack, to question the jurisdiction of the Probate Court. Marsalis v. Thomas, 35 S. W. Rep., 797.

This cause, originating in a direct attack upon the proceedings of the Probate Court, the District Court acquired jurisdiction of the cause, and on appeal the District Court had the right to hold the proceedings of the County Court void, wherein it assumed jurisdiction without any estate in Texas to be administered upon, and wherein it directed a legal action against appellee, all of which facts were conclusively shown. Martin v. Robinson, 67 Texas, 375; Harrison v. Oberthier, 40 Texas, 391; Phelps v. Ashton, 30 Texas, 347.

When a person dies leaving within its jurisdiction an estate, then, and not before, has the Probate Court the power to inquire and determine the existence or nonexistence of every fact necessary to be determined in ascertaining whether it has jurisdiction in a particular case, and the extent to which it should be exercised; and it appearing that Fred P. Bishop, a nonresident, died without the State, and left no estate in Dallas County, nor in the State of Texas, the court acquired no jurisdiction. Martin v. Robinson, 67 Texas, 376; Murchison v. White, 54 Texas, 81; Neal v. Bartleson, 65 Texas, 483.

No cause of action that can be recognized in courts of Texas arose on account of diversity of statutes and settled rules of comity in such cases. Sanger v. French, 52 S. W. Rep., 623; Morris v. Missouri Pac. Ry. Co., 78 Texas, 21; St. Louis, I. M. & S. Ry. Co. v. McCormick, 71 Texas, 660; Willis v. Missouri Pac. Ry. Co., 61 Texas, 432; Texas & Pac. Ry. Co. v. Richards, 68 Texas, 375; Belt v. Gulf, C. & S. F. Ry. Co., 22 S. W. Rep., 1062; art. 3021 Rev. Stats.; art. 3353a Rev. Stats.

The cause of action, if any exists, is fixed by the residence or domicile of the beneficiaries. Angier v. Jones, 67 S. W. Rep., 449; Houston & T. C. Ry. Co. v. Hook, 60 Texas, 403.

The alleged cause of action did not constitute a part of the estate of Fred P. Bishop, and the Probate Court of Dallas County acquired no jurisdiction. Houston & T. C. Ry. Co. v. Hook, 60 Texas, 407; Angier v. Jones, 67 S. W. Rep., 449; Ferris v. Kimble, 75 Texas, 476.

TALBOT, Associate Justice.—Appellant, Cooper, on the 27th day of December, 1905, filed in the County Court of Dallas County, Texas, an application asking that he be appointed administrator of the estate of Fred P. Bishop, deceased. Said application, omitting formal parts, is as follows: "C. H. Cooper shows to the court that on, to wit, the 12th day of February, 1904, Fred P. Bishop, a resident of Oklahoma Territory, departed this life intestate, leaving surviving him a wife, Jennie W. Bishop, and two minor children, Josiah Brooks Bishop and Sarah May Bishop, who reside in Oklahoma Territory. He further shows that there is in this State a claim for unliquidated damages for personal injuries causing the death of said Fred P. Bishop against

the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company, both of which roads had an agency in Dallas County, Texas, arising under the law in force by virtue of an Act of Congress of the United States in force in the Indian Territory, where said injuries were inflicted, recoverable by the administrator for the use and benefit of the widow and minor children, aforesaid. That for the purpose of instituting and prosecuting a suit for the recovery of said damages in this State it is necessary that an administrator of said estate be appointed by this court.

"Your applicant further shows that it is necessary for the purpose of securing and preserving testimony to support said claim that a temporary administrator be appointed, pending this application for permanent administration.

"Your applicant further shows that there is no person resident in Texas of any of the classes named by the statute as having the preference right of administration. That he is not disqualified from acting as such administrator and he prays upon proper notice that he be appointed."

On April 14, 1905, appellant was appointed permanent administrator of said Bishop's estate and on the next day qualified as such by giving bond as prescribed by law.

On the 19th day of July, 1905, appellee, railway company, instituted this suit by filing its petition in said County Court of Dallas County, praying that said administration and all acts done in pursuance thereof be vacated and said administrator be discharged. Appellee alleged that it was interested in the matter, for that, as shown by the application of appellant, Cooper, for letters of administration on said estate, it is one of the railroad companies against whom the deceased's estate is said to have a claim for unliquidated damages on account of alleged personal injuries resulting in his death, and suit had been instituted against it for the recovery of such damages in the Circuit Court of the United States for the Southern District of Texas at Galveston, by the administrator of said real estate; that the County Court of Dallas County, Texas, was without jurisdiction to grant letters of administration upon said estate, and the order granting such administration was null and void, because it appears from the application for letters of administration filed, that the deceased was at the time of his death a resident of Oklahoma Territory and that his surviving wife and children resided there; that it does not appear from said application that deceased died in Dallas County, Texas; nor does it appear that he ever had, or that his estate now has, any property in Dallas County, Texas; that said administration was sought, not for the best interest of the estate, but for the sole purpose of suing upon said claim in Dallas County, Texas, or to confer jurisdiction on the Circuit Court of the United States for the Southern District of Texas at Galveston over the person of appellee; that no fact existed which would clothe the County Court of Dallas County, or any other county, in the State of Texas, with the right to entertain jurisdiction for the granting of letters of administration on said Bishop's estate.

On July 24, 1905, the County Court denied appellee's application and

prayer for the abatement of said administration and entered its judgment to that effect, from which judgment the appellee, railway company, appealed to the District Court of Dallas County. When the case reached the District Court, Cooper, the administrator, filed demurrers to the petition of the railway company and a motion to dismiss its appeal. These demurrers and motion are to the same effect and challenge the legal sufficiency of appellee's petition to authorize it to maintain this suit, on the ground that the facts alleged show in substance that appellee is not an heir, creditor nor distributee of the estate of Fred P. Bishop. That its sole relation to said estate consists in its being defendant in a suit brought by the administrator of said estate to recover damages for the death of said Bishop, occasioned by its wrongful act, and that such interest in said estate does not entitle it to interfere in the administration thereof. The demurrers were overruled, but the motion to dismiss the appeal was not directly passed upon.

A trial in the District Court on the merits of the case, without the intervention of a jury, resulted in a judgment revoking the appointment of appellant as administrator of said Bishop's estate, and declaring all orders made in said administration null and void for want of jurisdiction, and adjudged costs against appellant. From this judgment appellant, Cooper, has appealed to this Court.

There is no statement of facts in the record, but the trial court filed conclusions of fact, and such of them as are deemed material to the disposition of this appeal, are adopted by the court and are as follows: Fred P. Bishop died about February 13, 1904, as the result of injuries inflicted upon him by the alleged wrongful act and negligence of the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company. His death occurred about twenty-four hours after the receipt of the injuries and during the greater part of the time he was conscious and suffered great pain. At the time of the death of Fred P. Bishop, he was a resident of Oklahoma Territory. He left surviving him a wife and two children, who then and now reside in Oklahoma Territory. And left no kin in Texas. The injuries which caused the death of Fred P. Bishop were inflicted in the Indian Territory, and he died in Oklahoma Territory. The Gulf, Colorado & Santa Fe Railway Company is a railroad corporation chartered by the State of Texas and its principal office is in Galveston County, Texas, which is in the Southern Federal Judicial District of Texas. The Atchison, Topeka & Santa Fe Railway Company is a railway corporation incorporated under the laws of the State of Kansas and having its principal office at Topeka, in Shawnee County in said State. The laws in force in the Indian Territory at the time of the infliction of the injury on Fred P. Bishop were certain laws of the State of Arkansas, as published in 1884, in the volume known as Mansfield's Digest of the laws of Arkansas, adopted and put in force for the government of the Indian Territory by an Act of Congress of the United States of date May 2, 1890, which Act is published in the United States Statutes at Large, vol. 26, C. 182, p. 81; among which laws are the following: Title Pleading and Practice, Mansfield's Digest; chapter 119, sec. 5223. "For wrongs done to the person or property of

another, an action may be maintained against the wrongdoers; and such action may be brought by the person injured, or after his death, by his executors or administrators against such wrongdoers or after his death against his executor or administrator in the same manner and with like effect in all respects as actions founded on contracts." Under the same title and in the same chapter, section 5225, Mansfield's Digest, the following: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, company or corporation which, would have been liable if death had not ensued; shall be liable to action for damages, notwithstanding the death of the person injured; and although the death shall have been caused under such circumstances as amount in law to a felony." Section 5226, same digest, title and chapter, the following: "Every such action shall be brought by and in the name of the personal representative of such deceased person, and if there be no personal representative, then the same may be brought by the heirs at law of such deceased person. And the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person. Provided that every such action shall be commenced within two years after the death of such person."

Under the law so adopted and in force in the Indian Territory the widow would be entitled to one-third of whatever might be recovered under section 5225, and the children would be entitled to two-thirds thereof.

Administration of the estate of Fred P. Bishop, deceased, was taken out in Oklahoma Territory in the county of his residence. No administration on said estate has ever been taken out or applied for in Texas other than the one in this case in Dallas County. The only property rights, claim or other character of interest which, it is asserted, Fred P. Bishop had at the time of his death, or which his estate or his heirs had in Texas at the time the administrator was appointed by the County Court of Dallas County, were the alleged causes of action arising under the laws in force in the Indian Territory as hereinbefore set out, viz: one in behalf of the estate under section 5223, Mansfield's Digest, and the other under sections 5225 and 5226, Mansfield's Digest, as adopted as aforesaid by the Act of Congress of the United States.

On December 27, 1904, C. H. Cooper filed his application in the County Court of Dallas County, Texas, for appointment as administrator of the estate of Fred P. Bishop, deceased, setting up the facts substantially as above. The Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company had an agency in Dallas County, Texas. In his application Cooper also stated that it was necessary in order to preserve testimony that a temporary administrator be appointed.

On April 14, 1905, at a regular term of the County Court of Dallas County, notice of C. H. Cooper's application for letters of administration having been perfected, he was by said court appointed administrator of the estate of Fred P. Bishop, deceased, and appraisers were appointed. On April 15, 1905, an inventory was returned setting out that the only property of the estate in Texas consisted of the causes of action aforesaid. On the — day of May, 1905, C. H. Cooper, as administrator of the estate of Fred P. Bishop, deceased, instituted suit in the United States Circuit Court for the Southern District of Texas at Galveston, against the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company, on the two causes of action aforementioned, joined in the one suit, viz: one of the causes of action which Fred P. Bishop had at the time of his death for the injuries aforesaid in behalf of said estate, and the other for the death of said Bishop occasioned as aforesaid for the use and benefit of the widow and children of said Bishop, each of which said claims was for an amount within the jurisdiction of said court. Which said suit is now pending, service having been had on both defendants.

So far as shown there were no creditors of the estate of Fred P. Bishop residing in the State of Texas. The administration of the estate of Fred P. Bishop, deceased, was taken out solely for the purpose of prosecuting in the United States Circuit Court in Texas, the causes of action before mentioned, for the personal injuries to, and for the death of Fred P. Bishop, deceased.

The central question presented, as is manifest from the statement of the case and conclusions of fact, is whether or not the granting of letters of administration upon the estate of the said Fred P. Bishop, deceased, was *coram non judice* and void. The solution of the question has been attended with difficulty, but we have reached the conclusion that it should be answered in the affirmative. It is obvious that the sole purpose of the administration, and the result to be obtained therefrom, is the prosecution and collection by suit in this State of the alleged claims for damages arising under the statute laws of the Indian Territory for personal injuries to, and the death of, the said Bishop. Two separate and distinct causes of action for damages are claimed, one in behalf of the estate of the said Bishop, which he had at the time of his death for the bodily injuries causing pain, inflicted upon him. The other in favor of his surviving wife and children on account of the loss sustained by them in his death. It is undisputed that the injuries resulting in the said Bishop's death were inflicted upon him in the Indian Territory; that at that time he resided with his family in Oklahoma Territory and died there; that his wife and children then, and at the time the administration was taken out in this State, resided in Oklahoma Territory; that when letters of administration were granted on the said Bishop's estate he had no kin residing in Dallas County, Texas; that he left no property of any description in the State of Texas to be administered, nor has any property whatever of his come into this State since his death, unless one or both of the alleged claims for damages be considered property and assets of his estate.

Discussing separately, and in the order stated, the claims asserted

against appellee, and upon which the grant of administration rests, we think it may be conceded that the claim for damages which Bishop had at the time of his death on account of the injuries inflicted upon him and for the recovery of which a right of action survived to his legal representative for the benefit of his estate, is property within the meaning of our statute and an asset of said estate, and yet the County Court of Dallas County would derive no jurisdiction thereby to appoint an administrator for the purpose of bringing suit for its collection. At common law a cause of action for an injury to the person dies with the party upon whom the injury was inflicted and does not survive to his wife and children, nor to his personal representative. The right of the administrator to recover for the benefit of the deceased's estate, damages for the injury charged to have been received by him through the wrongful act of the railway company, is authorized solely by the statute in force in the Indian Territory which provides that, "For wrongs done to the person or property of another, an action may be maintained against the wrongdoer, and such action may be brought by the person injured or after his death by his executor or administrator against such wrongdoer, etc." Such right of action did not exist at common law. Now, the common law is in force in this State, except insofar as the same has been changed by statutory enactment, and looking to our statute we find that the Legislature of this State has not seen fit to pass an Act identical with the one quoted above, nor one of similar import. It follows that neither by the common law nor by the laws of this State could an action be brought against the appellee on the alleged cause of action which by the statute of the Indian Territory survived to the administrator of the said Bishop in behalf of his estate. This being true, the cause of action, given to the personal representative of the deceased, Bishop, by the statute of the Territory to recover the damages referred to for the benefit of said Bishop's estate, conferred no jurisdiction upon the County Court of Dallas County, Texas, to grant letters of administration on his estate. This statute is a local law, can have no extra-territorial effect, and was not made to be enforced, even in comity, outside of the State or Territory in which it was enacted. The case of Richardson, Administratrix, v. New York Central Railway Company, 98 Mass., 85, was an action to recover damages on account of the death of the plaintiff's intestate alleged to have occurred through the negligence of the defendant while he was a passenger on its railroad in the State of New York. The deceased at the time was an inhabitant of the State of Massachusetts, and letters of administration on his estate were issued to the plaintiff in the latter State. The action was not authorized by any statute of Massachusetts, but a right of action was given by the statutes of New York. It was held that the administratrix could not maintain the suit. Texas & Pac. Ry. Co. v. Richards, 68 Texas, 375.

The question remains, did the claim for damages against appellee for causing the death of the deceased, Bishop, and for the recovery of which his personal representative was authorized by the statute of the Indian Territory to maintain a suit in behalf of the widow and children of said Bishop, confer jurisdiction on the County Court of Dallas County, Texas, to grant letters of administration on his estate? Article

1843 of our Revised Statutes, provides: "Wills shall be admitted to probate, and letters testamentary or of administration shall be granted, in the county where the deceased resided, if he had a domicile or fixed place of residence in the State; if he had no domicile or fixed place of residence in the State and died without the limits of the State, then in any county in this State where his nearest kin may reside; but if he had no kindred in this State then in the county where his principal estate was situated at the time of his death."

This statute prescribes the places, under the different conditions of fact stated, at which letters of administration should be granted. If the intestate had no domicile or fixed place of residence in this State and died without its limits and left no kin or property in the State, no jurisdiction is conferred on any County Court of the State to grant letters of administration on such intestate's estate. This does not affect the power of the County Court to grant an ancillary administration under the circumstances in which such power has been recognized by the decisions of this State. The power to grant an ancillary administration necessarily, it occurs to us, carries with it the idea that a necessity exists therefor because of assets to be administered or some right or purpose of the estate to be subserved thereby within the jurisdiction where such administration is sought. The power is not limited within the scope of express statutory regulation; but as said in Green v. Rugely, 23 Texas, 539, the power to grant letters of administration, is sufficiently broad to admit an administration to be granted in all cases when the general object of our system of probate laws may require it, and to enable the court to grant administration when necessary in respect to any unadministered property that may be found in the State. The power is to be exercised, as we understand the rule, only when a necessity exists therefor with respect to the property belonging to the estate, the word property as here used, meaning either specific property found or a right of action for debt or "unliquidated damages" to which such estate may be entitled. The case of Jeffersonville Ry. Co. v. Swayne's Administrator, 26 Ind., 477, was an action like the present one to revoke letters of administration which had been granted by the court in the State of Indiana. Swayne was an inhabitant of the State of Pennsylvania and while a passenger over the railway company's road in the State of Indiana an accident occurred causing an injury to him, from which he afterwards died in that State. Administration was granted upon his estate in Indiana based solely upon the claim for damages arising on account of his death; and it seems from the provision of the statute quoted in the opinion in that case, that the probate laws of Indiana were very similar to those of this State, and the statute giving the cause of action for the damages almost identical with that relied upon by appellant to sustain the exercise of jurisdiction by the County Court in this case with respect to the right of action conferred upon the personal representative of Bishop to recover, for the use and benefit of the said Bishop's widow and children, the damages sustained by them on account of his death. The question arose in that case whether or not the claim for damages against the railway company for causing the death of Swayne constituted assets of his estate within the meaning of the statute.

In a well considered opinion in that case it was held that such claim did not constitute assets of the deceased, and that the grant of letters of administration on his estate was void. But upon the proposition that such damages forms no part of the estate of the deceased, Bishop, within the meaning of our statute, we have an emphatic expression to that effect by our own Supreme Court in the case of Houston & T. C. Ry. Co. v. Hook, 60 Texas, 403. That was a suit in the name of a temporary administrator appointed in the county of the deceased's residence, or in which he died, against the railway company to recover damages, for the benefit of the surviving parent of the deceased on account of his death alleged to have been occasioned through the negligence of the company in this State. Discussing whether or not such damages constituted a part of the deceased's estate, Judge Stayton said: "The sum which may result from an action such as this could in no event become a part of the estate to be disbursed to creditors or distributed among heirs under the general statute of descent and distribution, and is therefore no part of the estate." We conclude that inasmuch as there was no property of any description belonging to the estate of Fred P. Bishop, within the jurisdiction of the County Court of Dallas County upon which the power could operate, and no statute in this State giving a right of action for the recovery of the damages in behalf of said Bishop's estate, on account of the bodily injuries inflicted upon him, the granting of administration upon his estate was without authority of law and of no effect. In reaching this conclusion, we have not been unmindful of the similarity of our statute and that in force in the Indian Territory, with respect to the right of action to recover damages for the death of a person caused by the wrongful act or neglect of another and the recognized rule in this State, that a right of action given by the statute of another State will be enforced in this State if our statute gives a similar right. Nor have we overlooked the fact that in the case of Railway Company v. Hook, supra, it was held by the Supreme Court of this State, that a temporary administrator might maintain an action to recover such damages, although the sum recovered would constitute no part of the estate of his intestate. In that case, however, jurisdiction of the court to grant the letters of administration was not called into question, nor could it have been successfully done under the facts. The injuries resulting in the death of the deceased in that case were inflicted in the county where administration was granted; his residence and such property as he left, were there and he died in that county. The right to maintain the suit was upheld, because based upon a specific statute of this State to the effect, that if the parties entitled to the benefit of the action failed to commence the same within three calendar months after the death of the deceased, it then became the duty of the administrator of the deceased to prosecute the action unless requested by all of the parties not to do so. The court said that this statute conferred a special power upon the administrator and might have been given to any other officer of the county without reference to whether they had any connection with the estate of the deceased or not, or might have been given to any other person. We are of the opinion these statutes and decisions do not seriously affect the question here. In Hook's case the facts conferring jurisdiction on the court to grant the letters of administration

existed. In this case no fact existed conferring such jurisdiction, and an administrator appointed under such circumstances would not be authorized to maintain the suit. In the one case, the administration is valid, in the other void. It appearing that appellant's appointment as administrator of the estate of Fred P. Bishop was void no power was conferred upon him by the statute referred to, to prosecute a suit for the recovery of the damages claimed against appellee, and hence the case of Railway Company v. Hook, is not in point.

Volume 36 of the Connecticut Reports, in which the case of Hartford & N. H. R. R. Co. v. Andrews, to which we have been referred, is reported (p. 213), is missing from our library and is not now accessible to us, but through the courtesy of appellant's counsel, we have been furnished a written copy of the opinion delivered therein. The case seems to have been meagerly reported, but we think enough appears to justify the conclusion that it is distinguishable on the facts from the case under consideration, and should not be applied here with controlling effect as against the views we have expressed. And in addition to what we have said we think the remarks of Judge Brown in the case of Railway Company v. Jackson, 89 Texas, 107, entirely pertinent to the facts of this case. Speaking of the reasons why the courts of this State should not attempt to enforce the laws of Mexico, he says: "The reason which influences the courts of one State to permit transitory actions for torts to be maintained therein, when the right accrued in a foreign State or country, is that the defendant, having removed from such other State or country, can not be subjected to the jurisdiction of the courts where the cause of action arose, and as a matter of comity, but more especially to promote justice, the courts of the place where he is found will enforce the rights of the injured party against him, because it would be unjust that the wrongdoer should be permitted, by removing from the country where he inflicted the injury, to avoid reparation for the wrong done by him. In this case there has been no removal of the person or property of the defendant. Its railroad remains, as it was at the time of the injury, within the jurisdiction of the courts of Mexico, and it is liable to suit there according to the laws of that country. The reason for permitting the action to be prosecuted in our courts does not obtain in this case; the plaintiff has voluntarily resorted to the jurisdiction of our courts when his right could be better adjudicated in Mexico."

In this case, as in the Jackson case, there has been no removal of the person or property of appellee, the railway company. Its railroad remains as it was at the time of the injury to appellant's intestate, within the jurisdiction of the courts of the Indian Territory, and is liable to suit there according to the laws of that Territory where the rights of all parties at interest can be better adjudicated. Under such circumstances, the jurisdiction of our Probate Courts can not be invoked for the sole purpose of clothing, by letters of administration, a citizen of this State with authority to prosecute a suit like the present one.

But it is contended that appellee has not any such interest in the estate of the deceased as entitles it to contest the administration thereof and therefore this suit should have been dismissed. To this view of the law we do not agree. The precise question arose in the case of Railway Company v. Swayne's Administrator, supra, and it was decided adversely

to appellant's contention. In that case the court pertinently said, that upon the institution of that suit by Beal, claiming to be the legal representative of Swayne, it was the undoubted right of the railway company to inquire into the authority upon which he acted. That if the letters of administration were illegally granted to Beal and void, they could not confer upon him the power to prosecute such suit, and a recovery by him would be no bar to a subsequent suit by a legal administrator upon the same cause of action, citing Cutts v. Haskins, 9 Mass., 543; Holyoke v. Haskins, 9 Pick., 259; Wright v. Beck, 10 Smedes & M., 277."

At the time this proceeding was commenced by appellee the suit by appellant for the recovery of the damages claimed had been instituted, and certainly, we think, if the letters of administration, by virtue of which appellant was acting, were issued without authority of law and should be revoked, appellee, as the defendant in said suit and the object of its attack, had such an interest in the matter as to authorize it to invoke at the hands of the court a revocation of such letters. Besides, · it seems that where letters of administration have been illegally issued, and void, they may be set aside upon the suggestion of that fact to the court by an *amicus curiae.*

In the view we take of the case it is unimportant that the District Court failed to pass upon appellant's motion to dismiss the appeal from the County Court. Besides, we think the same legal proposition was involved in appellant's demurrers, which were overruled. We think the judgment of the District Court should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.