ATCHISON, T. & S. F. RY. CO. v. BERK-
SHIRE. (No. 804.)

(Court of Civil Appeals of Texas. El Paso.
March 1, 1918. Rehearing Denied
March 21, 1918.)

1. DEATH ☞35—JURISDICTION—TRANSITORY
ACTION.

The cause of action for wrongful death given by Comp. Laws N. M. 1884, §§ 2309, 2310, as amended by Laws 1891, c. 49, which must be instituted in the name of the personal representative of the deceased, is transitory, and may be maintained in a state other than that of New Mexico.

2. DEATH ☞31(3)—RIGHT TO SUE—"PERSON-
AL REPRESENTATIVE."

The words "personal representative" ordinarily mean the executor or administrator of decedent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Representative.]

3. EXECUTORS AND ADMINISTRATORS ☞518(1)
— ANCILLARY ADMINISTRATORS — APPOINT-
MENT.

Where the domiciliary administrator of resident of New Mexico who had met his death in that state, brought in Texas an action against a railroad company alleged to be liable, the appointment of an ancillary administrator in Texas is proper, for as, under Comp. Laws, N. M. 1884, §§ 2309, 2310, as amended by Laws 1891, c. 49, an action for death can be maintained only by the personal representative, and the authority of the domiciliary administrator did not extend beyond New Mexico, administration in Texas, whereby the ancillary administrator could intervene, was necessary, this being particularly true as under the Texas statutes providing for distribution of the recovery the amount recovered could be distributed in accordance with the New Mexico laws.

4. EXECUTORS AND ADMINISTRATORS ☞518(1)
—ANCILLARY ADMINISTRATION.

Under Const. art. 5, § 16, declaring that the county court shall have the general jurisdiction of a probate court and shall grant letters testamentary and of administration and transact all business appertaining to estates of deceased persons, the county court, though a special court with defined powers, has, sitting as a court of probate, jurisdiction to grant ancillary letters of administration when necessary.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Petition by W. S. Berkshire for appointment as ancillary administrator and personal representative of the estate of Robert S. Herrington, deceased. After appointment the Atchison, Topeka & Santa Fé Railway Company intervened, filing its protest. From a judgment of the district court which affirmed the action of the probate court in denying the protest, intervener appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and Turney, Culwell, Holliday & Pollard, of El Paso, for appellant. Geo. E. Wallace and W. S. Berkshire, both of El Paso, for appellee.

WALTHALL, J. The appellee, W. S. Berkshire, on January 29, 1917, filed in the probate court of El Paso county, Tex., his application for appointment as ancillary administrator and personal representative of the estate of Robert S. Herrington, deceased, representing therein that Robert S. Herrington, on the 28th day of February, 1916, through the negligence of appellant, was killed at Santa Rita, N. M.; that he died intestate, and left a surviving wife and three minor children; that the estate has a suit and cause of action against the appellant by reason of the negligence causing the death of deceased; that on the 15th day of May, 1916, the probate court of Grant county, N. M., appointed Fred F. Fletcher administrator of said estate, and that said Fletcher, as such administrator and personal representative of Herrington, deceased, instituted in the district court of El Paso county, Tex., a suit against the appellant for damages growing out of the death of said Herrington; that there is a doubt as a matter of law as to the right of such foreign administrator to prosecute suit in the courts of the state of Texas, but that by reason of the filing of said suit the same constitutes an estate in El Paso county, Tex., of the probable value of $5,000, and that there is a necessity for the appointment of an ancillary administrator and personal representative of the estate of Herrington, deceased, with authority to intervene in the suit filed and prosecute same to final termination. The wife of deceased waived her right to

be appointed administrator and personal representative of the estate. The probate court of said El Paso county appointed said Berkshire administrator and personal representative of the estate of Herrington, deceased, in this state, with power to either prosecute said suit as ancillary administrator and personal representative against appellant in the Texas courts, or to intervene therein, and made other orders as to his duties as ancillary administrator. Said Berkshire accepted the appointment and gave the required bond and otherwise qualified and filed an inventory of the estate which showed that the only property owned in this state was the said suit against appellant then pending in the district court. Thereafter appellant filed in the probate court its protest and intervention, representing that it was interested in the estate and the administration thereof, that the accident out of which the suit and claim against it was predicated occurred in Grant county, N. M., where said Herrington died, and that administration should and could be had only in that county or elsewhere in that state, and giving, among others, substantially the following reasons:

The deceased was a resident of Grant county, N. M., had never lived in El Paso county, Tex., and had no property of any kind in any county of Texas; that he was not living in Texas at the time of his death, nor did his family reside in Texas; that deceased was not an employé of appellant; that the right of action against it did not arise under what is known as the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657–8665]), because it appeared that the sole purpose of the administration was the proposed intervention in the said suit then pending, that there could be no administration in El Paso county, Tex., having for its sole object the collection of damages against appellant where the accident causing said death occurred without the state, and where deceased and his family were not residents of Texas at the time of the death of Herrington, and where deceased was not an employé of said railway company, and the right of action was not governed by the federal Employers' Liability Act, and where appellant was not doing business in El Paso county, and had no agent and no line of road in said county. The parties agreed to and the material facts are: That said Fletcher, as administrator and personal representative of the estate of Herrington, deceased, filed in the district court of El Paso county a suit for damages against the appellant for the negligent killing of said Herrington, and that said suit was then pending on the docket of said court at the time the order was made by the county court of El Paso county, Tex., appointing Berkshire administrator and personal representative of the estate of Herrington, deceased; that Berkshire in his representative ca-

pacity filed an application in said suit in the district court asking leave to intervene and make himself party plaintiff in said cause, which application was granted by the court; that citation was issued in said court and service had upon certain parties in El Paso county and elsewhere in Texas, alleged by appellee to be local agents of appellant; that Herrington, deceased, did not reside in Texas, and never had resided in El Paso county; that deceased owned no property in El Paso county at the time of his death, and that his next of kin did not reside in El Paso county. The pending suit in the district court of El Paso county claiming damages against appellant for the negligent killing of said Herrington was the only suggestion of property owned by the estate in this state. Probate proceedings in Grant county, N. M., showing the appointment and qualification as administrator and personal representative of Fred F. Fletcher in the matter of the estate of Herrington were shown. Three sections of an act of the Twenty-Ninth Legislative Assembly of New Mexico (page 101) amending sections 2309 and 2310 of the Compiled Laws of New Mexico of 1884 appear in the record. These sections as amended read:

"Sec. 2309. Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act or neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect, thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

Said section 2310 reads:

"Every such action as mentioned in the next preceding section shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, he or she shall have left a husband, wife, child, father, mother, brother, sister or child or children of the deceased child, but shall be distributed as follows. * * *"

The rest of the section provides the manner of distribution of any proceeds obtained through any judgment in such action.

Section 3 of the act repeals all acts and parts of acts in conflict, and provides that the act shall take effect from its passage. The contest of appellant in the probate court was overruled. On appeal to the district court contest of appellant was again overruled. We think the above a sufficient statement of the facts which are undisputed.

It is the contention of the appellant pre-

sented under several propositions that under the above facts and other facts presented in the record, but not considered essential to a decision of the issues to be decided, the probate court of El Paso county, Tex., is without jurisdiction to appoint an ancillary administrator and personal representative of the estate of Herrington, deceased, and that the order of the probate court of El Paso county and the district court are void.

[1-4] We are not called upon in this proceeding to determine the merits of the suit filed in the district court of El Paso county by Fletcher, administrator of the estate of Herrington. The right of recovery for damages in that suit is governed by the laws of New Mexico, and, so far as the record in this case shows, the right of recovery is controlled by the two sections of the New Mexico statutes above quoted. Under the two sections of the New Mexico laws quoted a suit to recover damages for the alleged negligent killing of Herrington by appellant must be prosecuted in the name of the personal representative of the estate of Herrington. The cause of action arising under the sections of the law quoted is transitory, and may be brought in any jurisdiction in which the appellant is found. So far as this proceeding is concerned, we think we need not go into a discussion of the question as to whether appellant is doing business in El Paso county, or has a local agent here, since appellant voluntarily entered its appearance in the probate court contesting the appointment by that court of appellee as administrator and personal representative of said estate. The important and central inquiry seems to be as to the jurisdiction of the probate court of El Paso county in the proceedings had in that court to appoint an ancillary administrator of the estate in this state; the sole object and purpose of such appointment being that the person appointed could by virtue of such appointment intervene in the pending suit and represent the estate of Herrington. The rule or policy in the various states on the question involved, so far as we have been able to gather from the opinions of the courts, is not harmonious. A general discussion of the question in an effort to discover the various points of divergence would render the opinion entirely too lengthy and serve no good purpose. Ruling Case Law, under the titles "Death," found in volume 8, and "Executors and Administrators," in volume 11, gives a general discussion of the subject and reference to many authorities both state and federal. The articles of the statute of New Mexico quoted above provide that the action to recover damages thereunder shall be brought by and in the name of the "personal representative" of the deceased person. An administrator represents the deceased, and the words "personal representative" ordinarily mean the executor or administrator, so that in order to comply with the requirement of the statute in pro-

viding a personal representative to intervene or prosecute the suit filed a form of administration was had in El Paso county auxiliary or ancillary to the administration of the estate of Herrington in New Mexico. It seems to be universally held, from necessity, that in the same estate there may be two or more administrations, one domiciliary and the other ancillary. It also seems to be the general rule that, if there are assets or claims in another state than that in which the principal administration is had, ancillary administration may be obtained in the state in which the asset or claim may be. Letters of administration have no legal force beyond the state in which they are granted. Hence the only way of collecting personal assets located in a jurisdiction other than that in which the decedent had his domicile at the time of his death is by auxiliary or ancillary administration. It is claimed that, because the asserted cause of action made the basis of the ancillary administration proceeding did not arise in this state nor under any law of the United States nor of this state, there is no authority for the appointment of an ancillary administrator in this state.

There is no express provision in the statutes of this state conferring jurisdiction on the probate court to appoint an ancillary administrator or personal representative where original jurisdiction has been obtained over said estate in this state or in another state. Appellee refers us to a number of decisions of the federal courts, but it must not be overlooked that in federal courts the issue is one of general jurisprudence, upon which the state decisions are not conclusive. Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; Lauria v. E. I. Dupont, De Nemours & Co., Inc. (D. C.) 241 Fed. 687, and cases there cited. It has been said that, whatever latitude has been permissible in state courts refusing jurisdiction on ground of local policy, the rule laid down for federal courts by the Supreme Court in Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, seems to leave no room for mere questions of comity, save as they may be involved in the underlying principles of jurisprudence. Greaves v. Neal (C. C.) 57 Fed. 816. But in the federal cases to which we are referred we find no case discussing the jurisdiction and powers of the probate court of this state, or of those of any other state under statutory provision similar to our own. Section 16, art. 5, of the Constitution of this state, in part, provides:

"The county court shall have the general jurisdiction of a probate court. They shall * * * grant letters testamentary and of administration; * * * transact all business appertaining to deceased persons," etc.

A distinction is sometimes made between courts created by statute, and not by the Constitution, holding that courts created by statute solely are tribunals of special and limit-

ed jurisdiction only, and having only such powers as are directly conferred on them by legislative enactment and such as may be incidently necessary to the execution of those powers. But it is fundamental that every court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction. In constitutional governments their jurisdiction is conferred by the provisions of the Constitution and of statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will. Hale v. State, 55 Ohio St. 210, 45 N. E. 199, 36 L. R. A. 254, 60 Am. St. Rep. 691. See, also, Revised Statutes 1911, art. 3298; Gulf, C. & S. F. Ry. Co. v. Cooper, 191 S. W. 583, and cases there cited.

As said by Judge Roberts in Green v. Rugely, 23 Tex. 548:

"The practice is, as it is presumed from the authorities, to grant administration upon unadministered effects found there, when it is necessary. * * * This power to grant ancillary administration is not limited within the scope of express statutory regulation."

The Supreme Court in that case held, in substance, that the power of a probate court to administer should not depend upon mere contingencies, but upon the existence of property within the state, whose condition, in reference to the rights of parties in relation to it, calls for the application of our probate laws, for its preservation and distribution, and quoted with approval the following from Story, Conflict Laws, § 513:

"The right of a foreign executor or administrator to take out such new administration is usually admitted as matter of course, unless some special reason intervene to vary or control it; and the new administration is treated as merely ancillary or auxiliary to the original foreign administration, so far as regards the collection of the effects and the proper distribution of them."

Without further quoting from that case, we refer to it for a discussion of the powers of the probate court in this state in an ancillary or auxiliary proceeding independently of statutory provision. Appellant refers us to Cooper v. G., C. & S. F. Ry. Co., 41 Tex. Civ. App. 596, 93 S. W. 201; Rivera v. A., T. & S. F. Ry. Co., 149 S. W. 223; S. L. S. W. Ry. Co. v. Smitha, 190 S. W. 237. We need not review those cases, as the facts of each of them are so different from the case at bar as to make them inapplicable to the facts of this case. The statutes of this state give a sufficiently similar right of action and distribution of the funds received to that of the sections of the New Mexico laws quoted above, with respect to actions to recover damages resulting in death by wrongful act or neglect of another, to enforce the provisions of the New Mexico statutes in this state. We have concluded that the probate court and the district court were not in error in granting the application for the appointment of an administrator and in authorizing the administrator appointed to prosecute the suit against appellant.

The case is affirmed.