### LESSLER v. DE LOYNES et al.

(Supreme Court, Appellate Division, Second Department. May 24, 1912.)

1. PLEADING (§ 127*)—ADMISSIONS—ANSWER—"EXECUTION."

   The complaint, in an action on an assignment of the interest of a beneficiary under a testamentary trust, alleged that on a certain day the beneficiary, his wife and children, "executed and delivered" to plaintiff's assignor an assignment in writing, and the answer admitted that on or about the date specified "the instrument therein referred to was delivered to the plaintiff," and defendants' counsel admitted during the trial "the making of a similar instrument" to that alleged to have been executed. Held, that there was no issue as to the due execution of the assignment; the answer having admitted its execution by admitting its delivery, and the "execution" of a document meaning ordinarily completing it in accordance with the various formalities required by law, including its delivery.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 264–268; Dec. Dig. § 127.*

   For other definitions, see Words and Phrases, vol. 3, pp. 2558–2561; vol. 8, p. 7656.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRIAL (§ 84*)—RECEPTION OF EVIDENCE—INCOMPETENT, IRRELEVANT, AND IMMATERIAL.

An objection to a written assignment of money as "incompetent, irrelevant, and immaterial" waived all other objections thereto, including the objection that the authority of the foreign notary to take acknowledgments was not shown.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 211–218, 220–222; Dec. Dig. § 84.*]

3. CONTRACTS (§ 48*)—SEALED CONTRACTS—CONSIDERATION—PRESUMPTION.

A sealed contract is presumed to have been made upon a consideration, without a recital therein of consideration, though such presumption is rebuttable.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 142; Dec. Dig. § 48.*]

4. CONTRACTS (§ 48*)—CONSIDERATION—RECITALS IN SEALED INSTRUMENT.

Mere formal recitals of consideration in a sealed instrument may be contradicted, but proof that the sum of $1 or any other sum was not paid does not establish failure of consideration, if there is a recital of other valuable considerations.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 142; Dec. Dig. § 48.*]

5. ASSIGNMENTS (§ 134*)—ACTIONS—BURDEN OF PROOF.

Where plaintiffs, the beneficiaries under a testamentary trust, contracted to transfer $2,000 out of the money realized from the estate, provided that, "if the gross amount received should be less than $10,000, the assignee should receive ten per cent. of such amount in lieu of the sum of $2,000, as herein provided," the burden was on defendants to show, in an action on the assignment, that they had received less than $10,000, in order to prevent the recovery of the full $2,000 assigned.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 229–231; Dec. Dig. § 134.*]

Appeal from Trial Term, Richmond County.

Action by Montague Lessler against Eliza De Loynes and another. From a judgment for plaintiff and order denying motion for new trial, defendant named appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Howard E. White, of New York City, for appellant.
Montague Lessler, of New York City, for respondent.

WOODWARD, J. [1] This is an appeal from a judgment directed by the court, and, if there is evidence in support of the defendant's contentions, the court erred in not submitting the questions involved to the jury, for in such a situation the defeated party is entitled to the most favorable view which a jury might properly have taken of the evidence. The complaint alleges the death of one Josephine I. Bayaud in Denver, Colo., leaving a last will and testament, which was duly admitted to probate in the city of Denver on the 6th day of January, 1908; that under the provisions of this last will and testament Charles Lange, C. Adele Perrenoud, and Zelie E. Ruter were made testamentary trustees of the said Josephine I. Bayaud, deceased; and that by the provisions of said last will and testament George A. De Loynes, now deceased, was a beneficiary to the extent of one-ninth

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

share or interest in such estate. It is further alleged that "on or about the 24th day of December, 1906, the said George A. De Loynes, Eliza De Loynes, his wife, Lester L. De Loynes, and Estelle De Loynes, his children, executed and delivered to George T. Bayaud an assignment in writing, a copy of which is hereto annexed," etc., and that the said George T. Bayaud subsequently "assigned, set over, and transferred to Montague Lessler, all his right, title, and interest in and to $1,080 of the amount assigned, transferred, and set over by George A. De Loynes under the assignment set forth in paragraph marked 'second' of the complaint," and that on or about the 17th day of January, 1908, the said George A. De Loynes executed and delivered to said Eliza De Loynes, his wife, an assignment in writing, and that all of these several assignments were "duly served on the testamentary trustees by all the parties hereto." It is then alleged that the plaintiff and defendants entered into a certain agreement with the testamentary trustees by which a trust fund was created for the purpose of taking the assigned amount out of the hands of the testamentary trustees and placing it in the hands of a trustee, to await the determination of its legal ownership, and the necessary facts are alleged to show that the fund is so held, with a demand for judgment in favor of the plaintiff.

The defendant Eliza De Loynes "admits that, on or about the date specified in paragraph 'second' of said amended complaint, the instrument therein referred to was delivered to the plaintiff, but shows and alleges that said delivery was made upon condition that the plaintiff would perform certain services, and as collateral to secure the repayment of such expenses as the plaintiff might incur in connection therewith, and except as hereinbefore specifically admitted or denied, the defendant Eliza De Loynes denies each and every allegation of said paragraph 'second' of the amended complaint." Leaving out of consideration the fact that the plaintiff in this action is the assignee of the party with whom the contract mentioned in paragraph second of the complaint was made, and that this assignment was not delivered to the plaintiff, nor upon the condition that the plaintiff would perform any services whatever, and assuming that the allegations of the answer relate to George T. Bayaud, to whom the assignment was made, let us consider how far this answer denies any of the allegations of the complaint in reference to this contract of assignment, for upon this contract hinges the merits of this case. The allegation of the complaint is that "on or about the 24th day of December, 1906, the said George A. De Loynes," with his wife and children, "executed and delivered to George T. Bayaud an assignment in writing, a copy of which is hereto annexed," and the answer admits "that, on or about the date specified," the "instrument therein referred to was delivered to the plaintiff," and denies each and every other allegation of this paragraph of the complaint. The "instrument therein referred to" was in writing, and was set forth in the complaint, showing due execution, and as the allegation of execution is the only one not directly admitted, this is the only allegation which is in any sense denied, and it is difficult to under-

stand how a specific instrument, in due form, can be admitted to have been delivered, without incidentally admitting the execution of the same.

"The execution of a document means completing it in accordance with the various formalities required by law, such as signing, sealing, stamping, and acknowledging it, and having it properly attested. This term also generally includes the delivery of the document." 11 Am. & Eng. Ency. of Law, 584; Thorp v. Keokuk Coal Co., 48 N. Y. 253.

In the present instance the assignment was not only signed by the various parties, but it was under seal and acknowledged with due formality, and the admission of the answer is that the "instrument therein referred to," and which is set out in detail as a part of the complaint, was "delivered to the plaintiff" at the time alleged. It does not seem to us that it can be fairly contended that the pleadings presented any issue upon the question of the execution and delivery of the assignment set forth in the complaint, and the allegation of the answer as to the alleged condition of its delivery has no proper place outside of an affirmative defense.

We have been thus particular to point out the condition of the pleadings upon this point, because it is urged that the learned court at Trial Term erred in permitting the assignment to be placed in evidence without evidence as to its execution. The question came up when the plaintiff offered in evidence "the assignment from George A. De Loynes and others to George T. Bayaud." Counsel for defendants objected "to the offer without the presence of Mr. Bayaud upon the stand. Of course, in the case of a promissory note, that is the usual method of procedure; but here is an assignment, and, while we admit substantially the' making of a similar instrument, I think we are entitled to have the date fixed and the actual assignment identified by Mr. Bayaud, and unless Mr. Bayaud is placed upon the stand I must press my objection as incompetent, irrelevant, and immaterial." At this point counsel for plaintiff announced that he merely intended to introduce his documentary evidence in behalf of the plaintiff, and, upon the court asking if the instrument was acknowledged, plaintiff's counsel replied that it was. Thereupon the court said:

"If it was not acknowledged, I would not admit it; but, being acknowledged, I will admit it."

Defendant's counsel then took an exception, without in any manner suggesting, as is now done, that the acknowledgment was taken before a notary public of the state of New Jersey, and that there was no proof that a notary in that state is authorized to take acknowledgments. It will be observed that counsel admits "the making of a similar instrument," and this, in connection with the admission of the answer that the "instrument therein referred to was delivered," would seem to effectually dispose of any suggestion that there was an issue as to the execution and delivery of the assignment.

[2] But, assuming that it was necessary to have the assignment proved and in evidence, the objection raised was not a general ob-

jection which could not be obviated; the only objection was that the evidence offered was "incompetent, irrelevant, and immaterial," and the express mention of these objections must be deemed to exclude other objections not suggested, so that the point now urged must be deemed to have been waived, and there is no contention that the assignment was either incompetent, irrelevant, or immaterial.

[3] The assignment being in evidence in the form in which it was delivered, and it appearing from such assignment that it was a sealed instrument, the case is to be considered from the standpoint of contracts by specialty. The rule is established in this state that a contract under seal is presumed to have been made upon a consideration, though this is a rebuttable presumption. 7 Am. & Eng. Ency. of Law, 93; 9 Cyc. 310; Case v. Boughton, 11 Wend. 106; Baird v. Baird, 81 Hun, 300–302, 30 N. Y. Supp. 785. This presumption arises without any recital of a consideration in the instrument itself; the seal imports a consideration.

[4] Where, however, the instrument under seal recites a good and valuable consideration, as is the case in the matter now before us, the common law created an estoppel to deny the truth of the recitals which it contained as between the parties to a contract as those claiming under them (7 Am. & Eng. Ency. of Law, 94), though the modern rule appears to be that in mere formal recitals of consideration the fact is liable to contradiction (6 Cyc. 767). Proof, however, that the sum of $1, or any other sum, was not paid, does not establish failure of consideration, in view of the recital of other valuable considerations. Williams v. Whittell, 69 App. Div. 340, 346, 74 N. Y. Supp. 820, and authorities there cited.

The contract here under consideration recites that "in consideration of the sum of one dollar, in hand paid to each of us by George T. Bayaud, of the city of New York, and of other good and valuable considerations, receipt whereof is hereby acknowledged, have jointly and severally granted," etc. Eliza De Loynes, the appealing defendant, testifies that she received no money from Mr. Bayaud; but we fail to find any other of the parties to this sealed instrument denying that they received the $1 which is mentioned in the recital, while none of them deny the "other good and valuable considerations." What these considerations were are not mentioned in the instrument, and they must be assumed to have been given until the contrary appears from the evidence, so that upon this branch of the case it would seem clear that the allegations of the plaintiff's complaint have not been controverted, and that he is entitled to recover.

The answer sets up a separate defense to the matters alleged in the complaint, to the effect that the "making, execution, and delivery of the instrument specified in paragraph 'second' of the amended complaint by the persons therein enumerated was induced by and made upon the faith of certain representations made by George T. Bayaud to the said persons; that said representations were false and fraudulent, and were known by the said George T. Bayaud at the time said representations were made to have been false and fraudulent; that said representations consisted of statements that the prop-

erty and estate of Josephine I. Bayaud, who was then living, was being wasted and mismanaged by the persons to whom the said Josephine I. Bayaud had intrusted its care," etc. The assignment involved in this action related to the property of the said Josephine I. Bayaud. The defendant and her family, for the considerations recited, "granted, bargained, sold, assigned, transferred, conveyed and set over and by these presents do hereby, jointly and severally, grant, bargain, sell, assign, transfer, convey and set over unto the said George T. Bayaud, his heirs, executors, administrators and assigns, all our right, title and interest in and to any and all money or other property, real or personal, which we or any of us shall receive by deed, assignment, gift, purchase, by will or otherwise from Josephine I. Bayaud, now residing at Denver, Colorado, or as heirs at law or next of kin, of the said Josephine I. Bayaud up to and including the sum of two thousand dollars, with interest thereon from the date hereof," etc. George T. Bayaud and the defendant's husband were relatives of Josephine Bayaud, and each expected something out of her estate, and it appears from the evidence that George T. Bayaud had been in the habit of visiting Josephine I. Bayaud at Denver, and had conceived the idea that her relatives in Colorado were depleting her estate, to the detriment of the interests of the heirs in the East. He called the attention of George A. De Loynes, defendant's husband, to the condition of affairs, and the inference is to be drawn that the assignment above set forth grew out of the mutual desire of these relatives to have something done to prevent the wasting of the estate. The inference might fairly be drawn from the evidence that George T. Bayaud was inclined to draw conclusions from comparatively trifling matters, and that some of his misgivings as to the affairs of Josephine I. Bayaud were not justified by the facts, yet it would be absurd to hold that he was actuated by any intent to defraud the defendant or her family. All of the testimony is consistent with good faith on his part; his representations, fairly considered, merely amounted to an opinion on his part that the estate was being wasted, with a suggestion that steps should be taken to protect his own interests with those of the other relatives. So far as appears, he took such steps as he was advised by his counsel to take, and the defense of fraud is clearly not established, nor was there any evidence in the case which called for its submission to a jury.

[5] We see no reason for holding that the learned court at Trial Term erred in the construction of the contract. There was a clear and unmistakable contract for the conveyance of $2,000 out of any moneys realized from the estate, and this was followed by a proviso that:

"If the gross amount received by us from the said Josephine I. Bayaud or from her estate shall be less than the sum of $10,000, then, and in that event, the said George T. Bayaud shall receive 20 per cent. of such amount in lieu of the said sum of two thousand dollars, as herein provided."

We are of the opinion that this is a matter of defense to the general provisions of the assignment, and that it was for the defendant to show that they had received less than $10,000 in order to defeat

the assignment of the full amount. See 36 Cyc. 1238, on Exceptions and Provisos.

The judgment and order appealed from should be affirmed, with costs. All concur.