(77 Misc. Rep. 630.)

### LONG v. BAXTER et al.

(Supreme Court, Special Term, Steuben County. September, 1912.)

**1. ABATEMENT AND REVIVAL (§ 9\*)—ANOTHER ACTION PENDING.**
　　The right of a mother, under Code Civ. Proc. § 1744, to sue to annul the marriage of her son as under the age of consent, is not abrogated because the defendant wife had brought a similar action.
　　[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 73–85; Dec. Dig. § 9.\*]

**2. MARRIAGE (§ 37\*)—INFANTS—RATIFICATION.**
　　Where, in an action by a mother, under Code Civ. Proc. § 1744, to annul the marriage of her son because under the age of legal consent, it is undisputed that for about a month after the son had attained the age of 18 years he and the other defendant lived together as husband and wife, the wife is entitled to judgment, with costs.
　　[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 108; Dec. Dig. § 37.\*]

Action by Althea Long against Rose M. Baxter and Robert P. Baxter to annul a marriage. Judgment for defendant Rose M. Baxter.

Whiteman & Hill, of Hornell, for plaintiff.

Harry L. Allen, of Hornell, for defendant Rose M. Baxter.

James H. Clancy, of Hornell, guardian ad litem and attorney in person for defendant Robert P. Baxter.

SAWYER, J. Plaintiff is the mother of defendant Robert P. Baxter, and brings this action for an annulment of the marriage between the defendants under the provisions of sections 1743 and 1744 of the Code of Civil Procedure.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Both defendants were under the age of 18 years at the time of their marriage. The defendant Robert P. Baxter is now over, and the defendant Rose M. Baxter is still under, that age, and it is undisputed that after the defendant Robert attained the age of 18 years the defendants freely lived and cohabited together as husband and wife for a period of about 27 days.

[1] Prior to the beginning of this action a similar action was brought by the defendant Rose M. Baxter, as plaintiff, against the defendant Robert P. Baxter, in which action, as I understand, issue was joined and which is still pending and undetermined. The pending action is here pleaded by the defendant Rose M. Baxter as a bar to this, but the contention in the regard cannot prevail, for the reason that, while the former action seeks the same relief, it is not pending between the same parties. The statute specifically gives this plaintiff the right to maintain her action, and that right is not stayed or abrogated by reason of the fact that one of the defendants has heretofore seen fit to commence a similar action against the other.

It is provided in the Code sections, supra, that such an action may be maintained where one or both of the parties had not at the time of the marriage attained the age of legal consent, but that the marriage shall not be annulled at the suit of a party who was of the age of legal consent when it was contracted or where it appears that the parties for any time after they attained that age freely cohabited as husband and wife.

Plaintiff insists that she has an absolute right of annulment of this marriage, because both parties were under the age of legal consent at the time it was contracted, and they have not cohabited as husband and wife subsequently to the time when both had arrived at the full age of 18 years. In other words, she claims that the exception, being statutory, must be strictly construed, and that, by the use of the plural words "parties" and "they" in the latter part of section ·1744, the Legislature clearly evidenced its intent that the right of annulment should continue until after both parties were 18 years of age.

So far as I am able to discover, the question is entirely novel. It has been generally supposed in the profession that such an action would not lie by or in behalf of one who after reaching the age of consent had voluntarily continued the marital relations, and from the phraseology of the decision in Earle v. Earle, 79 App. Div. 631, 639, 79 N. Y. Supp. 613, I take it that such has also been the impression of the courts, although the expression there used seems to be obiter.

If it be assumed for the purpose of argument (although I do not so hold) that the exception referred to is only applicable when the cohabitation has continued after the arrival of both parties at the age of consent, it does not follow that an annulment must be granted as of right upon the application of the one who has thereafter continued the cohabitation simply because his spouse was not then of that age.

Marriage is a status, but is based in law upon a contract between the parties, and, except as modified to fit the peculiar conditions and necessities of matrimony, the parties are subject to the same rules

and regulations which govern contracts generally. A marriage of minors is made voidable at the election of the infant for precisely the same reason as are their other contracts, viz., because, in its solicitude to protect children from the consequences of their immature judgment and lack of experience, the state presumes that they are incapable of making a valid agreement until they have reached full age. A marriage contract of infants differs from their other contracts only in that the state from motives of public policy has fixed the age when valid consent thereto may be given at 18 years instead of 21, as is ordinarily the case. In all other respects, aside from those based upon the peculiarly personal relations between the parties and the demands of morality and public policy, the rights and disabilities are the same as in ordinary contracts. Out of the necessities of orderly relations between man and man has grown the modification that, even though the contract of an infant be voidable, he must avail himself of his right to rescind it within a reasonable time after his majority, and after the facts have come to his knowledge. If he fails to do this, or if he with full knowledge of the facts then avails himself of the benefits of his contract, he is conclusively presumed to have ratified the same and is estopped from thereafter disavowing it.

[2] To my mind this doctrine is applicable to the marriage as well as other contracts of an infant. The law has fixed the time when an infant may give valid consent to such contract as 18 years instead of 21 as in other cases. Until then such a contract is voidable, but if, after arriving at that age, the infant continues in the marital relation, he is conclusively presumed to have ratified his contract, and his binding consent is thereafter in effect as of the date of the marriage. It is then too late for him to rescind it, and by his own act of ratification he is estopped from asking a court of equity to relieve him therefrom. It seems to me that this is not only the law, but that a different holding would be monstrous in doctrine and contrary to public policy.

The right of plaintiff to maintain this action is purely statutory and founded entirely upon the rights of her son, Robert P. Baxter, and it follows that she cannot successfully assert in his behalf a claim which he could not.

Judgment to the defendant Rose M. Baxter, with costs.