### LESSLER v. DE LOYNES et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

ESTATES (§ 1*)—NATURE AND INCIDENTS.

  The term "estate," when used in its broad sense, includes every species of property.

  [Ed. Note.—For other cases, see Estates, Cent. Dig. § 1; Dec. Dig. § 1.*

  For other definitions, see Words and Phrases, vol. 3, pp. 2475–2488; vol. 8, pp. 7653–7654.]

Appeal from Trial Term, Richmond County.

Action by Montague Lessler against Eliza De Loynes and another. From a judgment for plaintiff and an order denying a motion for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

new trial, defendant named appealed. Reargument after an affirmance (150 App. Div. 868, 135 N. Y. Supp. 948). Affirmed.

See, also, 136 N. Y. Supp. 1140.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Howard E. White, of New York City, for appellant.

Montague Lessler, of New York City, in pro. per.

WOODWARD, J. Re-examining the questions involved upon this appeal, in the light of the reargument, we are unable to reach any different conclusion from that previously arrived at by this court. Criticism is made of the statement in the former discussion that:

"Eliza De Loynes, the appealing defendant, testifies that she received no money from Mr. Bayaud, but we fail to find any other of the parties to this sealed instrument denying that they received the $1 which is mentioned in the recital, while none of them deny the 'other good and valuable consideration.'"

It is urged that:

"She (Eliza De Loynes, the defendant) denies she received any money, and she says that the 'other valuable consideration' consisted in a promise to obtain the co-operation of other heirs and obtain the appointment of a conservator. This was never done."

We are referred to folios 70 and 110 of the record for authority for this contention, but it appears at folio 70 that Mrs. De Loynes was speaking of an interview held in November, at which time she says George Bayaud did not have the agreement in question with him, and the conversation held at that time had no relation whatever to the "good and sufficient considerations" recited in the contract which was made and acknowledged on the 24th of the following December, and at folio 110 it merely appears from the testimony of George T. Bayaud that he had been giving attention to the affairs of Miss Bayaud, through his attorney, but that he had never had a conservator appointed. It should be remembered that it was the husband of this defendant who had the interest in the estate of Miss Bayaud. He was one of her heirs at law or next of kin, and his wife and family joined him in the contract, and there is absolutely no evidence here that George A. De Loynes, the defendant's husband, whose interests were being principally dealt with in the agreement under which this action is brought, did not receive the "sum of one ($1) dollar, in hand paid to each of us by George T. Bayaud, * * * and of other good and valuable considerations, receipt whereof is hereby acknowledged." Neither is there any evidence that the two children of George A. De Loynes, who were of full age, did not receive the very consideration which is recited. Except for the testimony of the defendant, there is no evidence that she did not receive the same consideration recited in the agreement, and there is certainly no competent evidence that she did not receive, in common with the other parties to the instrument, the "other good and valuable considerations" which were in the minds of the contracting parties at the time of making the instrument bearing date of

December 24, 1906. We think there was no misapprehension on this question.

It is hardly worth while to consider the criticism of the language of the original opinion to the effect that there was "a clear and unmistakable contract for the conveyance of $2,000 out of the estate." The word was used in a broad sense, and had reference, of course, to the estate which the heirs of Miss Josephine I. Bayaud hoped to realize. "Estate," in its broad sense, includes every species of property (2 Am. & Eng. Ency. of Law, 359), and, viewed in this light, there is no doubt of the accuracy of the statement, or that the court has placed a proper construction upon the contract. The contract was for $2,000, subject to modification in the event that the property coming to the De Loynes family did not aggregate $10,000, and it was for the defendant to show that the sum to be realized was less than that sum in order to modify the terms of the contract.

The judgment and order appealed from should be affirmed, with costs.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur; BURR, J., not voting.

