HERRMAN et al. v. HERRMAN et al.

(Supreme Court, Special Term, New York County. January 5, 1916.)

MARRIAGE ⬤━37—INFANTS—ANNULMENT—"COHABITATION"—STATUTE.
     Under Code Civ. Proc. § 1744, providing that an action to annul a marriage on the ground that one of the parties had not reached the age of legal consent may be maintained by either parent of such infant, but that a marriage shall not be annulled where it appears that the parties have, after attaining the age of legal consent, freely cohabited as husband and wife, the marriage of plaintiffs' son while under the age of legal consent cannot be annulled, where the son, after reaching that age and after his parents had commenced an action to annul his marriage, with full knowledge of his rights once visited his wife's apartment, remained there overnight, and had sexual intercourse, since the word "cohabitation," in addition to its literal meaning of living together, also imports sexual intercourse, which, of itself, constitutes cohabitation in its legal sense.

     [Ed. Note.—For other cases, see Marriage, Cent. Dig. § 108; Dec. Dig. ⬤━37.

     For other definitions, see Words and Phrases, First and Second Series, Cohabitation.]

Action to annul a marriage by James S. and Elsia W. Herrman against Philip and Dorothy Gates Herrman. Complaint dismissed.

Greene, Hurd & Stowell, of New York City (Richard T. Greene, of New York City, of counsel), for plaintiffs.

James A. Farrell, of New York City, guardian ad litem, for defendant Philip Herrman.

Jacob Marx, of New York City, guardian ad litem, for defendant Dorothy Gates Herrman.

GAVEGAN, J. This is an action to annul a marriage on the ground that at the time it was contracted one of the parties thereto had not attained the age of legal consent. The action was brought by the parents of the infant husband against him and his wife as codefendants. It is not disputed that the husband was under 18 years of age at the time of the marriage. After he had reached the age of 18 years, however, the husband on one occasion, at least, visited the apartment occupied by his wife, remained there overnight, and had sexual intercourse with her.

The plaintiffs urge that the incident above referred to, a youthful act of folly on the part of their son, now interposed as a bar by his guardian ad litem, amounts to a mere technicality, inasmuch as the action had already been commenced before it occurred. They say it would be unduly harsh to withhold the annulment of his unfortunate marriage on such a ground. But a question involving the interpretation of a general law of the state has been raised, and it must be disposed of in spite of disagreeable consequences in any particular case. Section 1744 of the Code of Civil Procedure, under which the action is brought, provides as follows:

"An action to annul a marriage on the ground that one of the parties had not attained the age of legal consent may be maintained by either parent of the infant. But a marriage shall not be annulled where it appears that the parties for any time after they attained the age of legal consent freely cohabited as husband and wife."

There is no question in this case but that the admitted act of the defendant husband was free and voluntary, and was accomplished without constraint or compulsion by either party. The question, therefore, is solely as to the legal interpretation of the word "cohabitation" as used in the statute. In addition to its literal meaning of "living together," the word in its popular sense purports sexual intercourse. The plaintiffs advance the proposition that sexual intercourse does not of itself constitute "cohabitation" in its legal sense. They present numerous authorities defining the term, from which it would appear that the meaning most favorable to their contention is "the dwelling together as husband and wife in the same house—not mere visitation for the purpose of sexual intercourse."

The application of these authorities, however, is limited to those cases in which a marriage is sought to be, not annulled, but established. The law undoubtedly calls for the strictest kind of proof in order to establish a marriage by repute, requiring much more than mere evidence of meritricious relations. But where there has been a ceremony,

and the marriage has been consummated, the courts of this state require equally convincing proof in order to sever the relationship. "It cannot be dissolved by the parties when consummated, nor released with or without consideration. It is more than a contract. It requires certain acts of the parties to constitute marriage, independent of and beyond the contract. It partakes more of the character of an institution, regulated and controlled by public authority, upon principles of public policy, for the benefit of the community." Wade v. Kalbfleisch, 58 N. Y. 284, 17 Am. Rep. 250.

There are no reported cases construing the term "cohabitation" as used in section 1744 of the Code, and I am of the opinion that its popular, rather than its derivative, meaning must be applied in determining the legislative intent of that statute. In fact, we find an analogous use of the word in another section of the Code, which grants release from the marriage bond under certain conditions, namely, section 1758 of the Code, relating to absolute divorce. It is provided therein that the plaintiff is not entitled to a divorce, although the adultery is established, where there has been "voluntary cohabitation" of the parties, with the knowledge of the adultery. No one would be heard to contend for a moment that a husband in an action for absolute divorce should be, entitled to a decree where it appeared that he admitted having sexual intercourse with his wife after his discovery of her adultery, and no one has ever had the hardihood to raise the point in such a case that sexual intercourse does not of itself constitute "cohabitation" under that section.

Presumably the dearth of reported cases on the question in controversy is due to the circumstance that actions to annul marriages of infants are so seldom defended. To hold that persons under 18 years can marry and have intercourse with each other after reaching the age of 18 without making their marriage a permanent relation would be in effect to sanction the propagation of children who, at the caprice of vicious parents, could be cast upon society as helpless charges. The Legislature has declared that a youth shall be deemed capable of exercising judgment at the age of 18 years with regard to contracts of marriage, and a period at which he may ratify his acts has been fixed at that age. If a youth of 18 years sees fit to terminate a relation of marriage which he has entered into before he is 18 years of age, the law gives him the right to disavow the marriage and to ask the court to make null and void an obligation theretofore merely voidable. His conduct, however, after he reaches the age fixed, must be consistent. He cannot begin an action, or permit one to be brought, as in this case, by those whose rights are only equal to his (Long v. Baxter, 77 Misc. Rep. 630, 138 N. Y. Supp. 505), and at the same time affirm the relation he seeks to escape from by accepting its benefits and privileges.

The defendant Philip Herrman has shown by the fact that he lived one night with his wife after he became 18 years of age that he elected to continue to receive the privileges of the marital relation after he reached the age fixed by the statute in matrimonial actions as the time when his acts would be made binding upon him. It may be matter of regret that the defendant Philip Herrman should find himself bound in a

mésalliance with a scheming woman whose moral character, as shown by her own testimony, leaves so much to be desired; but he was duly advised as to his rights and duties in the premises. The probable consequences of his rash act were pointed out to him in advance thereof, and by exercising his marital privilege after he reached the legal age of consent he must be deemed to have forfeited his right to an annulment of the marriage. Any other disposition of the case would seem to be impossible under the law, and I am therefore constrained to dismiss the complaint.

Submit decision and judgment on notice.