ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. SMITHA. (No. 1666.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 17, 1916. Rehearing Denied
Nov. 23, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬡═11 —
"ESTATE"—CHOSES IN ACTION.

In view of Act Cong. April 22, 1908, c. 149,
§ 1, 35 Stat. 65, and Act Cong. April 5, 1910, c.
143, § 2, 36 Stat. 291 (U. S. Comp. St. 1913, §§
8657, 8665), providing that interstate railway
carriers are liable in damages to injured servants
or the survivors of servants who are killed, and
that the right of action shall survive to their
personal representatives, such right is an "es-
tate" on which administration may be granted.

[Ed. Note.—For other cases, see Executors and
Administrators, Cent. Dig. § 25; Dec. Dig. ⬡═
11.

For other definitions, see Words and Phrases,
First and Second Series, Estate.]

2. EXECUTORS AND ADMINISTRATORS ⬡═12 —
SITUS OF ASSETS.

Where a switchman was injured in interstate
commerce, and could under Vernon's Sayles'
Ann. Civ. St. 1914, art. 1830, subd. 26, have
sued in any county where the carrier had an
agent, and he sued in one county, his cause did
not continue transitory, but, being fixed, surviv-
ed to his administrator in that county.

[Ed. Note.—For other cases, see Executors and
Administrators, Cent. Dig. § 24; Dec. Dig. ⬡═
12.]

3. EXECUTORS AND ADMINISTRATORS ⬡═12 —
SITUS OF ASSETS.

As a general rule, for the purpose of found-
ing administration, simple contract debts, and
tort actions, are assets at the domicile of the
debtor.

[Ed. Note.—For other cases, see Executors
and Administrators, Cent. Dig. § 24; Dec. Dig.
⬡═12.]

4. EXECUTORS AND ADMINISTRATORS ⬡═12 —
SITUS OF ASSETS.

Where a switchman was injured in inter-
state commerce on the line of a Texas corpora-
tion operating wholly within the state, and was
therefore entitled to recover under Act Cong.
April 22, 1908, as amended by Act Cong. April
5, 1910, but died pending suit, an administrator
was properly appointed in the Texas county court
where deceased sued, since an administrator ap-
pointed outside the state could not have sued.

[Ed. Note.—For other cases, see Executors
and Administrators, Cent. Dig. § 24; Dec. Dig.
⬡═12.]

Appeal from District Court, Bowie Coun-
ty; H. F. O'Neal, Judge.

Action by D. A. Swain against the St. Louis
Southwestern Railway Company of Texas.
On plaintiff's death, E. A. Smitha, on appli-
cation, was appointed administrator and ask-
ed leave to continue the suit. From a judg-
ment of the district court affirming a judg-
ment of the county court denying defendant's
petition to vacate and annul the order ap-
pointing the administrator, defendant ap-
peals. Affirmed.

Appellant's switching yard in Texarkana
is partly in Arkansas and partly in Texas.
December 23, 1913, one Swain was in appel-
lant's service as a switchman in its said yard.
His home was in California, where his wife

resided, but he boarded and lodged in a house
in Texarkana, Tex. On the day named he
was assisting other employés of appellant in
moving a car, or train of cars, from a point
in the portion of appellant's yard in Arkan-
sas to a point in the portion thereof in
Texas. Swain claimed that while so engaged
he was employed by appellant in interstate
commerce. He further claimed that as a
result of negligence on appellant's part, while
he was so engaged in the part of its yard in
Arkansas, he suffered injury to his person
entitling him to recover damages of appel-
lant. April 1, 1914, he commenced suit
against appellant in the district court of
Bowie county. October 1, 1914, while his suit
was pending in said district court, he died
in California. January 14, 1915, appellee
Smitha applied to the county court of said
Bowie county for appointment as administra-
tor of Swain's estate. In his application
Smitha alleged:

"That at his death said D. A. Swain had an
estate situated in Bowie county, Tex., which con-
sists of a cause of action for damages, on ac-
count of personal injuries, against the St. Louis
Southwestern Railway Company of Texas. That
such cause of action arose in favor of the said
D. A. Swain in his lifetime, in this, that while
he was a servant of said company, it being a
common carrier, engaged in interstate commerce,
he, the said D. A. Swain, while working for said
company and while engaged in interstate com-
merce, received personal injuries as a result of
the negligence and carelessness of said company.
That in his lifetime the said D. A. Swain insti-
tuted suit on said cause of action against said
company in the district court of Bowie county,
Tex., which was pending at his death and is now
pending in said court. This petitioner shows
that there exists a necessity for an administra-
tion on the estate of said D. A. Swain in said
Bowie county, particularly for the purpose of
prosecuting said suit to judgment; he having
left surviving him a wife and children."

The county court of Bowie county granted
Smitha's application, and by an order made
January 26, 1915, appointed him administra-
tor of said Swain's estate. February 6, 1915,
Smitha qualified as such administrator, and
March 27, 1915, applied to said district court
for leave as such to prosecute the suit com-
menced by Swain as hereinbefore stated.
April 1, 1915, appellant petitioned the county
court to vacate and annul its order appoint-
ing Smitha administrator. Appellant's peti-
tion contained allegations as follows:

"Your petitioner alleges that this court was
without jurisdiction to grant letters of adminis-
tration upon the estate of the said D. A. Swain,
deceased, and that the order granting such letters
of administration was and is null and void be-
cause it appears in the application of the said E.
A. Smitha for letters of administration herein
that the said D. A. Swain, at the time of his
death, resided in Los Angeles, in the state of
California, and not within the state of Texas;
and because it does not appear from said ap-
plication that the said D. A. Swain then had,
or that he has ever had, any property situated in
Bowie county, Tex. In this connection, your pe-
titioner alleges and shows to the court that said
D. A. Swain, at the time of his death, had a fixed
domicile in and was a resident of the state of

California, and that he never resided in Bowie county, Tex.; that he did not have, at the time of his death, and has not now and has never had, any property situated in Bowie county, Tex.

"Your petitioner further avers that, as shown from the petition of said E. A. Smitha, as administrator, in the suit against your petitioner herein, in the district court of Bowie county, Tex., if the said D. A. Swain was injured while employed by your petitioner, he did not receive his alleged personal injuries in the state of Texas but received same if any in the state of Arkansas. Your petitioner still further avers that said administration is and was not sought for the best interest of said estate, but for the sole purpose of enabling suit to be brought against your petitioner in the courts of Texas, and in an attempt to confer the jurisdiction of the courts of Texas over your petitioner; that no facts now exist and none have ever existed giving this or any other court in the state of Texas jurisdiction to grant letters of administration on the estate of the said D. A. Swain, deceased; that none of the jurisdictional facts authorizing this court to grant letters of administration on the estate of said D. A. Swain, mentioned and set out in article 3209 of the Revised Statutes of 1911, exist now, and no such jurisdictional facts have ever existed authorizing this court or giving it jurisdiction of the estate of the said D. A. Swain, deceased, or empowering it to grant E. A. Smitha letters of administration herein."

The relief it sought having been denied by the county court, appellant prosecuted an appeal to the district court of Bowie county, where judgment was rendered against it. This appeal is from the judgment rendered by said district court.

Glass, Estes, King & Burford, of Texarkana, and E. B. Perkins and Dan Upthegrove, both of Dallas, for appellant. Mahaffey & Keeney and Turner, Graham & Smitha, all of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). It appearing that the basis of the suit commenced by Swain in Bowie county, Tex., was injury he suffered in Arkansas, and it further appearing that he died in California, where he resided, from an injury inflicted on him there, if the action of the trial court in overruling appellant's motion to remove appellee as administrator is sustained, it must be on the ground that Swain owned no estate subject to administration in Bowie county. It is conceded that, if the claim for damages asserted by his suit was not such an estate, he owned none in that county. Therefore the question presented by the appeal may be stated as follows: (1) Did Swain's claim against appellant for damages constitute an "estate" subject to administration? (2) If it did, then was such estate subject to administration in Bowie county, Tex.?

[1] The first question should be answered in the affirmative. It appeared that appellant was a common carrier engaged in commerce between the several states, and that Swain's claim for damages against it was predicated on his claim that he was injured by its negligence while he was employed in such commerce. The act of Congress approved April 22, 1908 (1911 Supplement to U. S. Compiled Statutes, pp. 1322, 1323 [U. S. Comp. St. 1913, § 8657]), provided that:

"Every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any persons suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines," etc.

The liability created by the statute in Swain's favor, if he was injured as he claimed he was, was property belonging to him in his lifetime. Rivera v. Railway Co., 149 S. W. 227; Lessler v. De Loynes, 153 App. Div. 903, 138 N. Y. Supp. 505; State v. Fidelity & Deposit Co., 35 Tex. Civ. App. 214, 80 S. W. 553; Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 447, 10 L. R. A. (N. S.) 140; Richards v. Riverside Ironworks, 56 W. Va. 510, 49 S. E. 437; Railway Co. v. Beezley, 153 S. W. 652; Reiter v. Hamlin, 144 Ala. 192, 40 South. 290; 11 Ruling Case Law, p. 72, and authorities there cited.

The statute (Act Cong. April 5, 1910 [U. S. Comp. St. 1913, § 8665]), further provides:

"That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé," etc.

The provision just quoted operated, when Swain died intestate, to pass to the administrator of his estate, when appointed, the right to enforce, for the benefit of his wife and children, the liability created by the statute. As the right could be exercised by none other than such an administrator (Railway Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 37 L. Ed. 1129, Ann. Cas. 1914C, 156; Fithian v. Railway Co. [C. C.] 188 Fed. 845), if Swain's claim for damages was not an "estate" subject to administration before its enactment, it is believed the statute operated to make it such an estate (Southern Pacific Co. v. De Valle Da Costa, 190 Fed. 689, 111 C. C. A. 417; Rivera v. Railway Co., 149 S. W. 227; Brown's Adm'r v. Railway Co., 97 Ky. 228, 30 S. W. 639; Forrester v. Southern Pacific Co., 36 Nev. 247, 134 Pac. 753, 136 Pac. 705, 48 L. R. A. [N. S.] 1).

[2] The second question should also, we think, be answered in the affirmative. The right of action in Swain's favor was transitory in its nature. He could have sued on it in any county in Texas in which appellant operated its line of railway or had an agent. Article 1830, subd. 26, Vernon's Statutes; T. & P. Ry. Co. v. Conway, 182 S. W. 52; Ry. Co. v. Weese, 32 Fla. 212, 13 South. 436. Appellant operated its line of railway in Bowie county, and had an agent there for the transaction of its business as a common carrier. Therefore the suit commenced in

that county by Swain in his lifetime was maintainable there. The cause of action in his favor should not, we think, thereafter, and so long as the suit was pending, be regarded as a transitory one. The institution of the suit located it. This being true, as we think, it should be held that the right of action, which by the terms of the statute survived to his administrator, included the right to continue the prosecution of the suit founded on that cause of action in the tribunal where it was pending.

[3] But if the right of action should be regarded as transitory, notwithstanding suit had been instituted on it, its situs for the purpose of administration nevertheless was, we think, in Texas. The general rule has been stated to be that:

"For the purpose of founding administration, all simple contract debts are assets at the domicile of the debtor." 11 Ruling Case Law, p. 71.

The rule is not different as to obligations for tort and obligations in contracts. Southern Pacific Co. v. De Valle Da Costa, 190 Fed. 693, 111 C. C. A. 417. In discussing it, the reasons for the rule were stated by the Supreme Court of California as follows:

"It is true * * * that for most purposes a chose in action adheres to the person of the owner, but for the purpose of founding administration this is not true. For such purpose the situs is where the debtor resides. For this exception there are at least two good reasons: It may be necessary to bring an action upon notes to enforce payment, and this a foreign administrator or executor cannot do. As to other personal property, it may be necessary to have the aid of the law for its recovery and protection. But the main reason, no doubt, why local administration is provided for, is for the protection of local creditors and claimants. No state should allow property to be taken from its borders until debts due its own citizens have been satisfied." Murphy v. Crouse [135 Cal. 14] 66 Pac. 971 [87 Am. St. Rep. 90].

And see Speed v. Kelley, 59 Miss. 51; Richards v. Riverside Ironworks, 56 W. Va. 510, 49 S. E. 437; and Southern Pacific Co. v. De Valle Da Costa, 190 Fed. 689, 111 C. C. A. 417.

[4] Another reason for the rule stated exists in the circumstances of cases like the one before us. Only by the application of such a rule can the right conferred by the act of Congress be enforced in the courts. If the contention of appellant, supported by the decision of the Court of Civil Appeals in Angier v. Jones, 28 Tex. Civ. App. 402, 67 S. W. 449, to wit, that the situs of a chose in action for the purpose of administration is the residence of the owner, should be sustained, the right of action given by the statute, and which by its terms survived to Swain's administrator for the benefit of his wife and children, became by his death unenforceable; for appellant being a Texas corporation, and its line of railway being wholly within this state, suit against it could not be maintained in the courts of any other state (12 Ruling Case Law, p. 107 et seq.; 19 Cyc. p. 1323 et seq.), and an administrator of Swain's estate appointed in some other state could not as such maintain a suit against appellant in any of the courts sitting in this state (Noonan v. Bradley, 9 Wall. 394, 19 L. Ed. 757; Railway Co. v. Marvin, 59 Fed. 91, 8 C. C. A. 21; Green v. Rugely, 23 Tex. 548; Copper v. Railway Co., 41 Tex. Civ. App. 596, 93 S. W. 205).

In Angier v. Jones, referred to above as supporting appellant's contention, it appeared that one Foreman, when he died in Morris county, Tex., had no fixed place of residence and owned no property, except a half interest in a judgment he had recovered in Walker county, Tex., against a railway company. At the time he died the cause in which he recovered the judgment was pending on an appeal prosecuted by the railway company. In affirming a judgment denying Angier's application to the county court of Walker county for letters of administration on Foreman's estate, the Court of Civil Appeals, after quoting the statute (article 3209, Vernon's Statutes), said:

"We think it clear from the evidence in this case the jurisdiction to administer upon Foreman's estate exists only in the county court of Morris county—the county in which he died. We do not think the contention sound that, because the only property he owned at the time of his death was a judgment rendered in the district court of Walker county, in the purview of the statute above quoted his principal property was situate in said county. The situs of a judgment or of any chose in action follows the residence of the owner, and cannot, in law, be regarded as being situate elsewhere; and it cannot be said that Foreman owned any property in Walker county at the time of his death. Ferris v. Kimble [75 Tex. 476] 12 S. W. 689."

The case cited (Ferris v. Kimble) as supporting the ruling made does not support it. In that case the holding of the court was that credits are taxable at the place of residence of the owner. As, however, the writ of error applied for in the Angier Case was refused, it must be assumed that the Supreme Court approved the ruling of the Court of Civil Appeals. The ruling is clearly against the great weight of authority in other jurisdictions, and we think does not lay down the rule which should control in cases with facts like those in the Angier Case, and certainly not the rule which should control in cases with facts like the one before us.

The judgment is affirmed.