# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK

---

In the Matter of the Application of FREDERICK PFLOMM and Others, as Executors, etc., of CHARLES E. JOHNSON, Deceased, and as Testamentary Trustees Thereunder to Obtain a Determination of the Construction and Effect of a Disposition of Property Contained in the Will of Said CHARLES E. JOHNSON, Deceased.

KATE A. JOHNSON, Individually and as Executrix and Trustee, etc., Appellant; FREDERICK PFLOMM and Others, as Executors and Testamentary Trustees, etc., and Others, Respondents.

First Department, July 13, 1925.

Wills — construction — trust of entire estate except household goods — trust provided for payment of one-half of net income to widow for life, free of any tax or charge — tax or charge on widow's income directed to be paid out of general estate — will construed to give widow one-half of net income — income tax on widow's share payable out of balance of net income.

Under a will, devising all the testator's property in trust, except his household goods, with a provision that one-half of the net income shall be paid to the widow for life and that the same shall be free of any and all tax or charge whatsoever and that any tax or charge must be paid from and out of the general estate, the widow is entitled to receive one-half of the net income free from all taxes or charges thereon, and the income taxes, both State and Federal, on her share of the income, must be paid out of the balance of the net income of the estate.

FINCH, J., dissents, with opinion.

APPEAL by Kate A. Johnson, individually and as executrix and trustee, etc., from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 10th day of February, 1925, in a proceeding to determine the

construction and effect of a disposition of property contained in the last will of Charles E. Johnson, deceased.

*Thayer & Van Slyke* [*George Gordon Battle* of counsel; *Aaron C. Thayer* and *Isaac H. Levy* with him on the brief], for the appellant.

*Duer, Strong & Whitehead* [*Selden Bacon* of counsel], for the respondents Frederick Pflomm and others.

*Emerson F. Davis*, for the respondents Richard Oscar Johnson, individually, and another.

*Joseph W. Keller*, as special guardian for the Johnson and Van Loan infants.

BURR, J.:

The will of Charles E. Johnson first bequeaths the household furniture to his wife Kate A. Johnson. There is no other legacy and no devise to any other individual. The residue of the estate is then given to the executors in trust, to apply the net income arising therefrom to and for the benefit of the wife and of the two children of the testator in the manner thereinafter set forth. The trust of the entire residuary estate, after the bequest of the household furniture to the widow, is a single trust, terminating upon the death of Kate A. Johnson. Upon her death, the residuary estate passes to the two children, or to their issue. Paragraph " fourth " of the will reads as follows:

" *Fourth*. I direct my Executors and Trustees hereunder to pay to my beloved wife, Kate A. Johnson, fifty percent, or one-half of the said net income arising from my estate so long as she shall live, and direct that the same shall be paid to her in quarter yearly payments, to commence immediately after my decease, and that the same shall be made free of any and all tax or charge whatsoever, which, if any, shall be borne and paid from and out of my general estate.

" And the balance of the said net income arising from my said residuary estate I direct shall be paid over to my two children, Richard Oscar Johnson and Florence Ethel Van Loan, share and share alike, so long as my beloved wife Kate A. Johnson shall live, or to the survivor of them in the event that either of my said children shall die before me or during the life-time of my said wife; but in the event that either or both of my said children shall die before me or during the life-time of my said wife, leaving lawful issue then living, then and in such case such issue shall take the parent's share of such income and only the share which the parent would have taken if then living."

Paragraph " sixth " of the will empowers the executors to mort-gage, sell or lease any real estate. It expressly provides further, that " during the life-time of my wife Kate A. Johnson, none of my real estate shall be sold save · by and with her consent." Paragraph " sixth " then provides as follows: " Any and all tax or duty imposed on the transfer of any property hereunder, I direct shall be a charge upon my general estate and shall be paid from and out thereof by my Executors."

The will erects a single trust of the entire residuary estate. The trust terminates upon the death of the widow, and the principal of the trust vests in the two children.

Because of divergent views held by the beneficiaries, and also by the persons named as executors and trustees, under the will, this proceeding was instituted.

The first question presented is whether the trustees shall pay to Kate A. Johnson one-half of the net income from the residuary estate, and shall in addition pay the amount of any tax imposed by the United States or by the State of New York on such income. The second question presented is whether the trustees, in case they are required to pay such tax or taxes shall pay the same out of the aggregate net income or out of the capital of the trust.

The surrogate held that the executors and trustees " are not under any obligation to pay Federal or State income taxes which may become due upon the share of the net income bequeathed to the said widow, but such taxes should be paid by the said widow personally."

From that decision the widow, Kate A. Johnson, has appealed. The facts as admitted by the pleadings or as stipulated by the parties are as follows: Charles E. Johnson executed his will on June 5, 1919. He died September 4, 1924. At the time of his death he left his widow, Kate A. Johnson, and two children, Richard Oscar Johnson and Florence Ethel Van Loan. Charles E. Johnson was in active charge of his affairs and entirely familiar with his property and the income thereof. The income of his net residuary estate of June, 1919, and at the time of his death would have been approximately from $175,000 to $200,000 per annum. Testator and his wife expended about $30,000 a year for living expenses prior to 1924. The amount of the income tax now payable on an income of $90,000 consisting almost entirely of dividends is about $17,000.

The testator in his will showed care and solicitude regarding the future of his widow and provided in plain terms, it seems to me, that she was to receive fifty per cent, or one-half, of the net income arising from his estate, such income to be *free and clear*

*of any and all tax or charge whatsoever,* and that such income tax should be borne and paid by his general estate. His extreme solicitude to provide for the future of his widow is accentuated by the general plan of his will.

The purpose of testator was to secure to her an income undiminished by any tax or charge whatsoever.

It is not unlikely that — as claimed by respondents — some practical difficulty may be encountered in carrying out the provisions of the will in this regard. Income tax procedure is under most favorable circumstances beset with some difficulty or involved in some complication. The intention of the testator, however, cannot be controlled or defeated by the difficulties that may arise or that may be suggested in that respect.

It is evident from the facts stipulated that testator was a man of large affairs, enjoying a large income and paying taxes in proportion. The testator knew, therefore, at the time he made his will in 1919 that his widow's income would be substantially increased by the provision that the income tax should be borne by his general estate, and his intention was that her income from the estate should not be burdened or charged with any income taxes existing or which might thereafter come into existence.

It remains to be determined whether by the words " general estate " in the 4th paragraph of his will the testator intended that the taxes on his wife's fifty per cent of the net income should be paid by the trustees out of the aggregate net income or out of the capital of the trust.

It is true that under a familiar rule of construction the same words when used by the testator in his will are ordinarily to be given the same meaning in one part as they are in the other. It is also true that the context may clearly indicate that the testator gave to the same words different meanings in different paragraphs. Paragraph " sixth " gives to the executors power to mortgage any real estate, to make leases, and with the consent of the widow to sell. It then provides: " Any and all tax or duty imposed on the transfer of any property hereunder, I direct shall be a charge upon my general estate and shall be paid from and out thereof by my Executors." This clause of the will recognizes that the transfer taxes are to be paid by the executors and that these charges are to be paid before " the rest, residue and remainder " of the estate is ascertained, and vests in the trustees.

The words " general estate " in this paragraph mean the gross or entire estate.

Reading the context of the words " general estate " in the " fourth " paragraph, it will be noted that the testator uses the

words " net income," indicating by the use thereof that the gross income of the trust estate is to bear all proper charges that are legally chargeable against income. The direction in paragraph " fourth " to pay all taxes and charges out of the general estate clearly has reference to other charges than those legally and ordinarily to be paid out of the gross income before net income is ascertained.

The tax or charge referred to in paragraph " fourth " is a tax or charge in connection with income. The testator intended to provide for the payment of a tax or charge which would arise after the net income was ascertained, and which would be a charge upon the net income, and payable by the widow; and he directed that in such case the tax or charge should be paid out of his general estate, and by general estate he meant the net income.

The testator after giving fifty per cent of the net income to the widow free of any and all tax or charge whatsoever, further provides in paragraph " fourth " that the " balance " of the net income is to be paid over to the two children share and share alike. By the use of the word " balance " it becomes evident from the context that by " general estate " is meant the net income remaining after the payment to the widow of the fifty per cent net income. The use of the word " balance " refers not alone to the direction to pay one-half to the widow but also to the direction to pay the taxes and charges. In other words, by providing first, for payment of one-half of the net income to the widow, then for the payment of the taxes and charges thereon and then for the payment of the *balance* to the two children, the testator, it is clear, had in mind that something less than one-half would be distributed to the children; and intended by the words " general estate " in the 4th paragraph to refer to the income of the trust and not to capital.

From the language used, and the facts disclosed, the plan of the will, and the solicitude it evidences on the part of the testator to assure to his widow the enjoyment in full during her lifetime of the share he allotted her, I am of the opinion that under the terms of this will the widow, Kate A. Johnson, is entitled to one-half of the net income of the trust estate, and any income taxes imposed upon the amount of such income by the Income Tax Laws of the United States and of the State of New York should be borne and paid from and out of the remaining net income from the estate.

Having arrived at this conclusion I do not deem it necessary to consider further the points raised by respondents as to the nature of the State and National income tax.

The decree appealed from, therefore, should be reversed and a decree directed to the effect that the trustees pay to the widow

one-half of the net income of the trust estate, and that any income taxes imposed upon the amount of such income by the Income Tax Laws of the United States and of the State of New York be borne and paid from and out of the remaining net income from the trust estate, with costs to the appellant and the respondents to be paid out of the estate.

CLARKE, P. J., MERRELL and MARTIN, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting):

I dissent and vote to affirm. Paragraph " fourth " after directing the payment of fifty per cent of the net income of the estate to the widow, further provides that such payment shall be made free and clear of all taxes whatsoever, said taxes to be borne and paid out of the general estate, and that the balance of the net income shall be paid to the children of the testator. The simple and natural construction of this language would seem to be that the testator had in mind the payment of such taxes as were imposed upon the estate, and that the payments from the estate were to be made free and clear of any taxes. When the reference to taxes is so read, it is not necessary to construe the term " general estate " as meaning " net income." A tax on income, on the contrary, is a tax upon the money as received by the beneficiary, and is not a tax on the payment from the estate, and hence it is clear that the testator did not intend, by this provision, that the tax on the income received by the widow should be paid out of the general estate. As was said in *Travis* v. *Yale & Towne Mfg. Co.* (252 U. S. 60, 69): " The personal condition of the recipient, and not the amount or character of the payment made, constitutes and determines the fact of net income. It seems, therefore, impossible to conceive a net income for purposes of this taxation separate and distinct from the person receiving it."

In an interpretation of the Federal Income Tax Law, as contained in section 219 of the Revenue Act of 1918 (40 U. S. Stat. at Large, 1071) and in section 219 of the Revenue Act of 1921 (42 id. 246), which has been revised by section 219 of the Revenue Act of 1924 (43 id. 275), the Income Tax Unit of the Bureau of Internal Revenue of the United States Treasury Department in decision 1215 has held that where a testator left a sum of money in trust with instructions to the trustees to invest it and to pay out of the income certain annuities of specified amounts, said annuities to be paid " free from all Federal, State, city or other taxes, which taxes shall be paid out of the trust estate," the liability for the payment of the income tax on the annuities is that of

the beneficiaries and not that of the trust estate, saying: " The provision of the will quoted is held to be applicable only to such taxes as are a direct charge against the trust, the payment of which by the trustees out of its income might work a diminution of the amount of income distributable to the beneficiary. Since the amount of income distributable in this case passes undiminished by income tax, it is not permissible, for income tax purposes, for the trustees to pay the income tax out of the principal so that the beneficiary would not be obliged to return the amount of the annuity as income." (Montgomery on Income Tax Procedure [1925 ed.], 1389; Cum. Bulletin I-1, p. 217.)

This view is also strongly fortified by the provision in paragraph " fourth," that the taxes on the payment of the income to the widow shall be paid from and out of the " general estate." It cannot be said that the words " general estate " refer to the balance of net income after payment to the widow, for the meaning of the words themselves forecloses such a construction. The words " general estate " plainly refer to the entire estate remaining after the payment of debts, funeral and testamentary expenses. (*Lessler* v. *De Loynes*, 153 App. Div. 903.) Moreover, a strong argument against construing the words " general estate " as meaning " the net income remaining after the payment to the widow of the fifty per cent net income," as stated in the majority opinion, is that under such a construction it would seem necessary to take out of said balance of net income all inheritance and other taxes levied upon the estate, which would obviously be a result so unreasonable as to show that the testator did not intend that the term " general estate " should have such a meaning. To pay out of the general estate an annually recurring and varying tax on the income paid to the widow, would be so unwieldy a procedure, particularly since the entire estate has been disposed of by the will, as to be an additional reason to negative the contention of the appellant that the testator so intended.

It follows that the decree of the surrogate should be affirmed.

Decree reversed and a decree directed to be entered in accordance with opinion, with costs to the appellant and the respondents to be paid out of the estate. Settle order on notice: