Joseph A. Cox, S.
The testator’s will disposes of articles of tangible personal property and of substantial dollar amounts either as absolute bequests to relatives and friends or in the form of trusts for the benefit of such persons. In the article of the will designated Fourteenth, which immediately follows such dispositions of general and specific legacies, there is language which constitutes a direction that certain bequests be paid free of “ inheritance or succession or transfer taxes ” and such taxes be paid from the testator’s “ general estate.” It is recognized that this language exonerates the dispositions in the preceding articles of the will from the impact of estate taxes and neither the legacies nor the trusts provided by the earlier articles of the will are subject to diminution by reason of the estate taxes payable by the estate. An issue arises only in respect of the applicability of article Fourteenth to the residuary bequests.
The residuary estate is bequeathed by article Fifteenth of the will, one half to certain remote collateral relatives of the testator and one half in trust for the benefit of the faculty of a named college. Dispute exists as to whether all estate taxes are to be charged as an expense of administration, with the result that the residuary estate will be diminished by the entire tax charged before division of the residuary into two equal shares, or, in the alternative, the tax provision in the will is to be construed as exonerating only the preresiduary dispositions, with the result that the residuary trust, recognized by the parties as a charitable gift, will make no contribution to the portion of the taxes attributable to the noncharitable bequest of residuary assets. The college named in the residuary article of the will acknowledges that the dispositions in the preceding articles are not required to contribute apportioned shares of the taxes and *520 such bequests, whether absolute or in trust, are to be paid without regard to the tax obligation of the estate. The college does insist that, having assumed so much of the tax obligation as, but for the tax clause of the will, would have been apportionable against the preresiduary bequests, the residuary estate as a whole should not be further diminished but, instead, the portion of the tax attributable to the noncharitable bequest of residuary assets should be borne by the recipients of such assets and should be paid from their one half of the residuary estate-. These residuary legatees, of course, contend that the direction for payment of taxes out of the general estate is a complete stipulation against any apportionment of estate taxes and requires that taxes be treated as an expense of administration (Matter of Cromwell, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681).
The issue so formulated may not be disposed of merely by defining the locution “ general estate ”, an expression which has been defined either as the gross or entire estate (Matter of Johnson, 214 App. Div. 1, 4; Matter of O’Flyn, 123 N. Y. S. 2d 134, 135) or as the residuary estate (Chase Nat. Bank v. Tomagno, 172 Misc. 63, 65; Matter of Becher, 204 Misc. 523, 534; Matter of Fairchild, 15 Misc 2d 272; Matter of Cohen, 35 Misc 2d 23; Matter of Bayne, 31 Misc 2d 296), a definition in every case being dependent upon the ascertainment of the testator’s intention. While it must be recognized that the employment by the testator of the expression “ residuary estate ” in lieu of “ general estate ” would have been expressive of a definable intention (Matter of Shubert, 10 N Y 2d 461), it cannot be said that his use of “ general estate ” forces a contrary conclusion (37 ALE 2d 110). Fortunately there is at least one other indication of intention appearing in the text of the will, and it is the text of the will and not extrinsic proof which controls a construction of the will (Matter of Wise, 20 A D 2d 55, 59, affd. 15 NY 2d 591).
In article Fourteenth the mandate not only is that “the several bequests (including trust bequests) herein” be paid “ free ” of taxes but that “ all of such bequests shall be paid in the order in which they are hereinbefore set forth.” The text last quoted makes it appear that the bequests exonerated from tax contribution were only those provided in. provisions of the will preceding article Fourteenth. Nothing in this tax clause can be construed as a clear reference to the residuary estate which is disposed of later on in the will. In fact it seems that the testator- had serious doubt that his estate would be adequate to permit a residuary and, by reason of such doubt, he formu *521 lated a plan of priority abatement of preresidnary bequests. 'Che conclusion is that the testator’s purpose was to relieve only his preresidnary gifts from tax obligation and his intention must be so construed. This being so, it is not consequential whether the testator used the words ‘ ‘ general estate ” as a reference to his gross estate or a reference to the residuary estate inasmuch as only the preresidnary bequests were “free” of tax and the particular portion of the tax normally apportionable to such bequests would be paid by the residuary estate. Beyond this the testator did not go in conferring any tax exoneration and the result must be that a normal apportionment is required within the residuary estate (Matter of Shubert, supra).
If it can be said that the result here reached is not the clearly expressed intention of the testator but such intention is beclouded and an ambiguity exists, the result will not be altered. Section 124 of the Decedent Estate Law has been construed as requiring an apportionment in every instance when a clear and unambiguous stipulation against apportionment does not appear in a will (Matter of Pepper, 307 N. Y. 242). Inasmuch as the exoneration of the preresidnary bequests is conceded, any ambiguity can exist only as to the possible exoneration of a residuary disposition and the mere recognition of such ambiguity would require that an apportionment be had.
It is held that the will imposes the taxes attributable to the preresiduary bequests upon the residuary estate but that there be a tax apportionment within the residuary estate of the taxes attributable to the residuary bequests.